**ATTORNEY'S NAME:** Wexler, Noah M 34995
**AND ADDRESS:** 6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2025-00568        DIVISION: I        SECTION: 05

## NICHOLS, KRISTIN, ET AL.

### Versus

### WHITNEY OIL & GAS, LLC, ET AL.

### CITATION

TO:      DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH

601 POYDRAS STREET, SUITE 1720, NEW ORLEANS, LA 70130

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by *Deonca Julian*
Deonca Julian, Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON  DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH | ON  DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH |
| THROUGH: | THROUGH: |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | Returned the same day |
| Mileage: $ _____ | _____ No. _____ |
| _____ / ENTERED / _____ | Deputy Sheriff of _____ |
| PAPER      RETURN | |
| _____ / _____ / _____ | |
| SERIAL NO.    DEPUTY    PARISH | |

EXHIBIT
A

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

      A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

      B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

      C. The court may grant additional time for answering.

      Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

Section 5

| | | |
|---|---|---|
| KRISTIN NICHOLS, ON BEHALF OF JURY.N. AND G.N. AND LAUREN O'NEILL, ON BEHALF OF N.N. | * * * * | SUIT NO.: _____   DIVISION _____ |
| VERSUS | * * | _TH JUDICIAL DISTRICT COURT |
| WHITNEY OIL & GAS, LLC, DP LOUISIANA, LLC, DP GULF COAST, LLC, TRIMONT ENERGY, LLC, TRIMONT ENERGY (NOW), LLC, SPECTRUM AR, LLC, SPECTRUM ENERGY OIL & GAS HOLDINGS, LLC, AND SPECTRUM ENERGY HOLDINGS, INC. | * * * * * * * * * * | PARISH OF ORLEANS STATE OF LOUISIANA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH

Plaintiffs Kristin Nichols, on behalf of of B.N. and G.N., and Lauren O'Neill, on behalf of N.N. ("Plaintiffs") file this Petition against Defendants Whitney Oil & Gas, LLC, DP Louisiana, LLC, DP Gulf Coast, LLC, Trimont Energy, LLC, Trimont Energy (NOW), LLC, Spectrum AR, LLC, Spectrum Energy Oil & Gas Holdings, LLC, and Spectrum Energy Holdings, Inc. ("Defendants"). They bring wrongful death, and survival claims pursuant to LA. Civ. Code Ann. Art. 2315.1 and LA. Civ. Code Ann. Art. 2315.2. They would respectfully show the Court that:

E-Filed

FILED
2025 JAN 23  P 04:42
CIVIL
DISTRICT COURT

**I**

**Section 5**

I.

### Jurisdiction

1.     The claims asserted arise under the Louisiana Wrongful Death Action[1], and the Louisiana Survival Action[2] statutes.  Alternatively, this claim is maintained under the Jones Act (46 U.S.C. § 30104) and/or the general maritime law of the United States.

2.     Jurisdiction is proper in this Court because Defendants are a citizen of, reside in, and/or have continuous and systematic contacts with the State of Louisiana.

3.     This case is not removable to federal court.  There is no diversity jurisdiction, and no removable federal claims alleged.  Any removal would be in bad faith and sanctionable.

II.

### Venue

4.     Venue is proper under the Louisiana Code of Civil Procedure because an action against a domestic corporation, a domestic insurer, or a domestic limited liability company shall be brought in the parish where its registered office is located.  La. Code Civ. Proc. Ann. art. 42(2).

III.

### Parties

5.     Decedent Joshua Nichols was a natural person and resident of Louisiana.

6.     Plaintiff Kristin Nichols is the mother and tutrix of Joshua Nichols' two minor children, B.N. and G.N.  She appears on behalf of B.N. and G.N.  Kristin Nichols, B.N., and

---

[1] *See* LA. CIV. CODE ANN. ART. 2315.2.
[2] *See* LA. CIV. CODE ANN. ART. 2315.1.

E-Filed

**I** G.N. are citizens of Louisiana.

Section 5

7.    Plaintiff Lauren O'Neill is the mother and tutrix of Joshua Nichols' minor child, N.N. She appears on behalf of N.N. Lauren O'Neill and N.N. are citizens of Louisiana.

8.    Defendant Whitney Oil & Gas, LLC is a Louisiana entity with its registered office in Orleans Parish, Louisiana. It is a citizen of Louisiana. Defendant Whitney Oil & Gas, LLC may be served with process through its registered agent, David Rusch, 601 Poydras Street, Suite 1720, New Orleans, Louisiana 70130.

9.    Defendant DP Louisiana, LLC is a Texas entity with its registered office in Orleans Parish, Louisiana. It is a foreign corporation that regularly does business in Louisiana. Defendant DP Louisiana, LLC may be served with process through its registered agent, David Rusch, 601 Poydras Street, Suite 1720, New Orleans, Louisiana 70130.

10.    Defendant DP Gulf Coast, LLC is a Delaware entity with its principal place of business in Harris County, Texas. It is a foreign corporation that regularly does business in Louisiana. Defendant DP Gulf Coast, LLC may be served with process through its registered agent, Baker & Hostetler LLP, 811 Main Street, Suite 1100, Houston, Texas 77002.

11.    Defendant Trimont Energy, LLC is a Texas entity with its principal place of business in Harris County, Texas. It is a foreign corporation that regularly does business in Louisiana. Defendant Trimont Energy, LLC may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201

12.    Defendant Trimont Energy (NOW), LLC is a Texas entity with its registered office in Orleans Parish, Louisiana. It is a foreign corporation that regularly does business in Louisiana. Defendant Trimont Energy (NOW), LLC may be served with process through its registered agent, David Rusch, 601 Poydras Street, Suite 1720, New Orleans, Louisiana 70130.

E-Filed

I

Section 5    13.    Defendant Spectrum AR, LLC is a Delaware entity with its registered office in East Baton Rouge Parish, Louisiana. It is a foreign corporation that regularly does business in Louisiana. Defendant Spectrum AR, LLC may be served with process through its registered agent, Jamie Manuel, 618 Main Street, Baton Rouge, Louisiana 70801.

14.    Defendant Spectrum Energy Oil & Gas Holdings, LLC is a Delaware entity with its principal place of business in Harris County, Texas. It is a foreign corporation that regularly does business in Louisiana. Defendant Spectrum Energy Oil & Gas Holdings, LLC may be served with process through its registered agent, Capitol Services, Inc., 108 Lakeland Avenue, Dover, Delaware 19901.

15.    Defendant Spectrum Energy Holdings, Inc. is a Delaware entity with its principal place of business in Harris County, Texas. It is a foreign corporation that regularly does business in Louisiana. Defendant Spectrum Energy Holdings, Inc. may be served with process through its registered agent, Capitol Services, Inc., 108 Lakeland Avenue, Dover, Delaware 19901.

### IV.

### Nature of the Action

16.    This lawsuit is necessary as a result of the tragic incident causing the death of Joshua Nichols on or about August 17, 2024. Nichols was employed by a contractor of Defendants. While investigating a gas lift line leak from his mud boat, an explosion occurred. Nichols was severely burned and killed in the fire and explosion that resulted.

E-Filed

FILED
2025 JAN 23  P 04:42
CIVIL
DISTRICT COURT

**I**

**Section 5**

V.

## Causes of Action

### *Negligence Against All Defendants*

17.    Plaintiffs sustained injuries as a direct and proximate result of Defendants'

negligence when Defendants:

     a.  failed to properly supervise their employees, agents, and/or contractors;

     b.  failed to properly train their employees, agents, and/or contractors;

     c.  failed to properly hire and screen their employees, agents, and/or
        contractors;

     d.  failed to provide adequate safety equipment;

     e.  failed to maintain and enforce adequate safety policies and procedures;

     f.  failed to provide a reasonably safe work environment;

     g.  failed to properly inspect their equipment;

     h.  failed to properly maintain their equipment;

     i.  failed to properly operate their equipment;

     j.  failed to properly perform the work in question;

     k.  failed to adequately warn about hazards Defendants knew or should have
        known about;

     l.  failed to remedy safety hazards Defendants knew or should have known
        about;

     m. failed to properly monitor vapor levels;

     n.  failed to adequately maintain and inspect the premises at issue;

     o.  creating a dangerous and/or hazardous condition;

     p.  failed to provide adequate medical treatment and conduct an adequate
        search and rescue operation;

E-Filed

**Section 5**

q.  vicariously liable for the conduct of their employees, agents, and/or contractors;

r.  violating applicable Coast Guard, OSHA, and/or BSEE rules;

s.  violating applicable government regulations, laws, rules, and industry standards; and

t.  other acts deemed negligent and negligent *per se*.

## *Premises Liability Against All Defendants*

18.   Plaintiffs repeat and realleges each allegation contained above.

19.   Defendants owned, occupied, and controlled the area where Decedent was injured and killed.

20.   The condition of the area where Decedent was injured posed unreasonable risks of harm due to, among other things, the presence of uncontained hazardous and flammable gas. Defendants actually knew or reasonably should have known of the unreasonably dangerous conditions.

21.   Decedent did not know of the unreasonably dangerous conditions. Decedent was an invitee who entered the premises for the benefit of Defendants and with their knowledge. Defendants owed a duty to inspect and warn of the unreasonably dangerous conditions or make those conditions reasonably safe. Defendants breached these duties by not removing the hazardous conditions, warning Decedent of the known, unreasonably dangerous conditions, and by not making these conditions reasonably safe. These actions, in the exercise of reasonable care, would have prevented Decedent's injuries in whole or in part. Defendants also breached its duties by creating the dangerous conditions.

E-Filed

FILED

2025 JAN 23  P 04:42

CIVIL
DISTRICT COURT

**I**

**Section 5**

22.    Defendants' breaches of these duties were the cause in fact and legal cause of Decedent's injuries.

## VI.

### Plaintiffs' Damages

23.    As a direct and proximate result of Defendants' negligence, Mr. Nichols sustained severe injuries which resulted in physical pain, mental anguish, discomfort, physical impairment, emotional distress, and other medical problems. He died as a result.

24    As wrongful death and survival beneficiaries, Plaintiffs seek to recover the damages available under Louisiana law related to the wrongful death of Joshua Nichols. Plaintiffs represent those entitled to recover for their injuries, which give rise to both wrongful death and survival claims. Plaintiffs seek to recover damages for the survival action they are entitled to bring under La. Civ. Code Ann. Art. 2315.1. Further, Plaintiffs seek to recover damages for the wrongful death action they are entitled to bring under La. Civ Code Ann. Art. 2315.2 such as:

        a.    Pre-death physical pain and suffering;

        b.    Pre-death mental pain, suffering, fear, disfigurement, emotional distress, and mental anguish;

        c.    Loss of earning capacity and inheritance;

        d.    Loss of fringe benefits;

        e.    Loss of services and support;

        f.    Loss of nurture, guidance, care, and instruction;

        g.    Loss of enjoyment of life;

        h.    Loss of future pecuniary support;

E-Filed

Section 5

    i.    Loss of society and companionship;

    j.    Emotional distress and mental anguish;

    k.    Burial and funeral expenses; and

    l.    All wrongful death and survivorship damages recoverable under the law.

## VII.

### Jury Trial

25.    Plaintiffs hereby request a trial by jury on all claims.

## VIII.

### Prayer

Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants, both jointly severally, and in *solido* in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which they may show themselves justly entitled.

E-Filed

# I
## Section 5

FILED

2025 JAN 23  P 04:42

CIVIL

DISTRICT COURT

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah M. Wexler*
Noah M. Wexler
LA Bar Roll No. 34995
Jason A. Itkin (*Pro Hac Vice Pending*)
Texas Bar No. 24032461
Cory D. Itkin (*Pro Hac Vice Pending*)
Texas Bar No. 24050808
Alexandra F. Poulson (*Pro Hac Vice Pending*)
Texas Bar No. 24130390
Jonathan J. Mack Jr. (*Pro Hac Vice Pending*)
Texas Bar No. 24141863
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
apoulson@arnolditkin.com
jmack@arnolditkin.com


- and -


A. M. "Tony" Clayton (#21191)
Michael P. Frugé (#26287)
Richard J. Ward, III (#32267)
CLAYTON, FRUGÉ & WARD
3741 La. Highway 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

**ATTORNEYS FOR PLAINTIFF**

E-Filed

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**I**

Section 5

**PLEASE SERVE DEFENDANTS AS FOLLOWS:**

Defendant Whitney Oil & Gas, LLC
c/o registered agent, David Rusch
601 Poydras Street, Suite 1720
New Orleans, Louisiana 70130

Defendant DP Louisiana, LLC
c/o registered agent, David Rusch
601 Poydras Street, Suite 1720
New Orleans, Louisiana 70130

Defendant DP Gulf Coast, LLC
c/o registered agent, Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002

Defendant Trimont Energy, LLC
c/o registered agent, CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

Defendant Trimont Energy (NOW), LLC
c/o registered agent, David Rusch
601 Poydras Street, Suite 1720
New Orleans, Louisiana 70130

Defendant Spectrum AR, LLC
c/o registered agent, Jamie Manuel
618 Main Street
Baton Rouge, Louisiana 70801

Defendant Spectrum Energy Oil & Gas Holdings, LLC
c/o registered agent, Capitol Services, Inc.
108 Lakeland Avenue
Dover, Delaware 19901

Defendant Spectrum Energy Holdings, Inc.
c/o registered agent, Capitol Services, Inc.
108 Lakeland Avenue
Dover, Delaware 19901

E-Filed

**I**

## Section 5

**JURY**

| | |
|---|---|
| KRISTIN NICHOLS, ON BEHALF OF B.N. AND G.N. AND LAUREN O'NEILL, ON BEHALF OF N.N. | *  SUIT NO.: _____   DIVISION _____ |
| | * |
| | * |
| VERSUS | *  __ TH JUDICIAL DISTRICT COURT |
| | * |
| WHITNEY OIL & GAS, LLC, DP | *  PARISH OF ORLEANS |
| LOUISIANA, LLC, DP GULF COAST, | * |
| LLC, TRIMONT ENERGY, LLC, | *  STATE OF LOUISIANA |
| TRIMONT ENERGY (NOW), LLC, | * |
| SPECTRUM AR, LLC, SPECTRUM | * |
| ENERGY OIL & GAS HOLDINGS, LLC, | * |
| AND SPECTRUM ENERGY | * |
| HOLDINGS, INC. | * |
| | * |
| | * |

*************************************************************************

### PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH

Plaintiffs Kristin Nichols, on behalf of of B.N. and G.N., and Lauren O'Neill, on behalf

of N.N. ("Plaintiffs") file this Petition against Defendants Whitney Oil & Gas, LLC, DP

Louisiana, LLC, DP Gulf Coast, LLC, Trimont Energy, LLC, Trimont Energy (NOW), LLC,

Spectrum AR, LLC, Spectrum Energy Oil & Gas Holdings, LLC, and Spectrum Energy

Holdings, Inc. ("Defendants"). They bring wrongful death, and survival claims pursuant to

LA. Civ. Code Ann. Art. 2315.1 and LA. Civ. Code Ann. Art. 2315.2. They would respectfully

show the Court that:

VERIFIED

Kasie Jiles

2025 JAN 28  P 03:53

FILED

2025 JAN 23  P 04:42
CIVIL
DISTRICT COURT

**I**

**Section 5**

I.

## Jurisdiction

1.    The claims asserted arise under the Louisiana Wrongful Death Action[1], and the Louisiana Survival Action[2] statutes.  Alternatively, this claim is maintained under the Jones Act (46 U.S.C. § 30104) and/or the general maritime law of the United States.

2.    Jurisdiction is proper in this Court because Defendants are a citizen of, reside in, and/or have continuous and systematic contacts with the State of Louisiana.

3.    This case is not removable to federal court.  There is no diversity jurisdiction, and no removable federal claims alleged.  Any removal would be in bad faith and sanctionable.

II.

## Venue

4.    Venue is proper under the Louisiana Code of Civil Procedure because an action against a domestic corporation, a domestic insurer, or a domestic limited liability company shall be brought in the parish where its registered office is located.  La. Code Civ. Proc. Ann. art. 42(2).

III.

## Parties

5.    Decedent Joshua Nichols was a natural person and resident of Louisiana.

6.    Plaintiff Kristin Nichols is the mother and tutrix of Joshua Nichols' two minor children, B.N. and G.N.  She appears on behalf of B.N. and G.N.  Kristin Nichols, B.N., and

---

[1] *See* LA. CIV. CODE ANN. ART. 2315.2.
[2] *See* LA. CIV. CODE ANN. ART. 2315.1.

FILED

2025 JAN 23  P 04:42
CIVIL
DISTRICT COURT

**I**

**Section 5**   G.N. are citizens of Louisiana.

7.   Plaintiff Lauren O'Neill is the mother and tutrix of Joshua Nichols' minor child, N.N. She appears on behalf of N.N. Lauren O'Neill and N.N. are citizens of Louisiana.

8.   Defendant Whitney Oil & Gas, LLC is a Louisiana entity with its registered office in Orleans Parish, Louisiana. It is a citizen of Louisiana. Defendant Whitney Oil & Gas, LLC may be served with process through its registered agent, David Rusch, 601 Poydras Street, Suite 1720, New Orleans, Louisiana 70130.

9.   Defendant DP Louisiana, LLC is a Texas entity with its registered office in Orleans Parish, Louisiana. It is a foreign corporation that regularly does business in Louisiana. Defendant DP Louisiana, LLC may be served with process through its registered agent, David Rusch, 601 Poydras Street, Suite 1720, New Orleans, Louisiana 70130.

10.   Defendant DP Gulf Coast, LLC is a Delaware entity with its principal place of business in Harris County, Texas. It is a foreign corporation that regularly does business in Louisiana. Defendant DP Gulf Coast, LLC may be served with process through its registered agent, Baker & Hostetler LLP, 811 Main Street, Suite 1100, Houston, Texas 77002.

11.   Defendant Trimont Energy, LLC is a Texas entity with its principal place of business in Harris County, Texas. It is a foreign corporation that regularly does business in Louisiana. Defendant Trimont Energy, LLC may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201

12.   Defendant Trimont Energy (NOW), LLC is a Texas entity with its registered office in Orleans Parish, Louisiana. It is a foreign corporation that regularly does business in Louisiana. Defendant Trimont Energy (NOW), LLC may be served with process through its registered agent, David Rusch, 601 Poydras Street, Suite 1720, New Orleans, Louisiana 70130.

2025-00568

**I**
Section 5

FILED

2025 JAN 23  P 04:42

CIVIL
DISTRICT COURT

13.     Defendant Spectrum AR, LLC is a Delaware entity with its registered office in East Baton Rouge Parish, Louisiana. It is a foreign corporation that regularly does business in Louisiana. Defendant Spectrum AR, LLC may be served with process through its registered agent, Jamie Manuel, 618 Main Street, Baton Rouge, Louisiana 70801.

14.     Defendant Spectrum Energy Oil & Gas Holdings, LLC is a Delaware entity with its principal place of business in Harris County, Texas. It is a foreign corporation that regularly does business in Louisiana. Defendant Spectrum Energy Oil & Gas Holdings, LLC may be served with process through its registered agent, Capitol Services, Inc., 108 Lakeland Avenue, Dover, Delaware 19901.

15.     Defendant Spectrum Energy Holdings, Inc. is a Delaware entity with its principal place of business in Harris County, Texas. It is a foreign corporation that regularly does business in Louisiana. Defendant Spectrum Energy Holdings, Inc. may be served with process through its registered agent, Capitol Services, Inc., 108 Lakeland Avenue, Dover, Delaware 19901.

### IV.

### Nature of the Action

16.     This lawsuit is necessary as a result of the tragic incident causing the death of Joshua Nichols on or about August 17, 2024. Nichols was employed by a contractor of Defendants. While investigating a gas lift line leak from his mud boat, an explosion occurred. Nichols was severely burned and killed in the fire and explosion that resulted.

E-Filed

**I**

Section 5

V.

### Causes of Action

*Negligence Against All Defendants*

17.    Plaintiffs sustained injuries as a direct and proximate result of Defendants' negligence when Defendants:

      a.  failed to properly supervise their employees, agents, and/or contractors;

      b.  failed to properly train their employees, agents, and/or contractors;

      c.  failed to properly hire and screen their employees, agents, and/or contractors;

      d.  failed to provide adequate safety equipment;

      e.  failed to maintain and enforce adequate safety policies and procedures;

      f.  failed to provide a reasonably safe work environment;

      g.  failed to properly inspect their equipment;

      h.  failed to properly maintain their equipment;

      i.  failed to properly operate their equipment;

      j.  failed to properly perform the work in question;

      k.  failed to adequately warn about hazards Defendants knew or should have known about;

      l.  failed to remedy safety hazards Defendants knew or should have known about;

      m.  failed to properly monitor vapor levels;

      n.  failed to adequately maintain and inspect the premises at issue;

      o.  creating a dangerous and/or hazardous condition;

      p.  failed to provide adequate medical treatment and conduct an adequate search and rescue operation;

FILED

2025 JAN 23  P 04:42

CIVIL

DISTRICT COURT

# I

## Section 5

q. vicariously liable for the conduct of their employees, agents, and/or contractors;

r. violating applicable Coast Guard, OSHA, and/or BSEE rules;

s. violating applicable government regulations, laws, rules, and industry standards; and

t. other acts deemed negligent and negligent *per se*.

### *Premises Liability Against All Defendants*

18.    Plaintiffs repeat and realleges each allegation contained above.

19.    Defendants owned, occupied, and controlled the area where Decedent was injured and killed.

20.    The condition of the area where Decedent was injured posed unreasonable risks of harm due to, among other things, the presence of uncontained hazardous and flammable gas. Defendants actually knew or reasonably should have known of the unreasonably dangerous conditions.

21.    Decedent did not know of the unreasonably dangerous conditions. Decedent was an invitee who entered the premises for the benefit of Defendants and with their knowledge. Defendants owed a duty to inspect and warn of the unreasonably dangerous conditions or make those conditions reasonably safe. Defendants breached these duties by not removing the hazardous conditions, warning Decedent of the known, unreasonably dangerous conditions, and by not making these conditions reasonably safe. These actions, in the exercise of reasonable care, would have prevented Decedent's injuries in whole or in part. Defendants also breached its duties by creating the dangerous conditions.

FILED

2025 JAN 23  P 04:42

CIVIL
DISTRICT COURT

**I**

**Section 5**

22.    Defendants' breaches of these duties were the cause in fact and legal cause of Decedent's injuries.

## VI.

### Plaintiffs' Damages

23.    As a direct and proximate result of Defendants' negligence, Mr. Nichols sustained severe injuries which resulted in physical pain, mental anguish, discomfort, physical impairment, emotional distress, and other medical problems. He died as a result.

24    As wrongful death and survival beneficiaries, Plaintiffs seek to recover the damages available under Louisiana law related to the wrongful death of Joshua Nichols. Plaintiffs represent those entitled to recover for their injuries, which give rise to both wrongful death and survival claims. Plaintiffs seek to recover damages for the survival action they are entitled to bring under La. Civ. Code Ann. Art. 2315.1. Further, Plaintiffs seek to recover damages for the wrongful death action they are entitled to bring under La. Civ Code Ann. Art. 2315.2 such as:

    a.    Pre-death physical pain and suffering;

    b.    Pre-death mental pain, suffering, fear, disfigurement, emotional distress, and mental anguish;

    c.    Loss of earning capacity and inheritance;

    d.    Loss of fringe benefits;

    e.    Loss of services and support;

    f.    Loss of nurture, guidance, care, and instruction;

    g.    Loss of enjoyment of life;

    h.    Loss of future pecuniary support;

# I

## Section 5

FILED

2025 JAN 23  P 04:42

CIVIL

DISTRICT COURT

i.     Loss of society and companionship;

j.     Emotional distress and mental anguish;

k.     Burial and funeral expenses; and

l.     All wrongful death and survivorship damages recoverable under the law.

### VII.

### Jury Trial

25.     Plaintiffs hereby request a trial by jury on all claims.

### VIII.

### Prayer

Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants, both jointly severally, and in *solido* in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which they may show themselves justly entitled.

# I

## Section 5

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah M. Wexler*
Noah M. Wexler
LA Bar Roll No. 34995
Jason A. Itkin (*Pro Hac Vice Pending*)
Texas Bar No. 24032461
Cory D. Itkin (*Pro Hac Vice Pending*)
Texas Bar No. 24050808
Alexandra F. Poulson (*Pro Hac Vice Pending*)
Texas Bar No. 24130390
Jonathan J. Mack Jr. (*Pro Hac Vice Pending*)
Texas Bar No. 24141863
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
apoulson@arnolditkin.com
jmack@arnolditkin.com


- and -

A. M. "Tony" Clayton (#21191)
Michael P. Frugé (#26287)
Richard J. Ward, III (#32267)
CLAYTON, FRUGÉ & WARD
3741 La. Highway 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

**ATTORNEYS FOR PLAINTIFF**

FILED

2025 JAN 23  P 04:42

CIVIL

DISTRICT COURT

# I

## Section 5

**PLEASE SERVE DEFENDANTS AS FOLLOWS:**

Defendant Whitney Oil & Gas, LLC
c/o registered agent, David Rusch
601 Poydras Street, Suite 1720
New Orleans, Louisiana 70130

Defendant DP Louisiana, LLC
c/o registered agent, David Rusch
601 Poydras Street, Suite 1720
New Orleans, Louisiana 70130

Defendant DP Gulf Coast, LLC
c/o registered agent, Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002

Defendant Trimont Energy, LLC
c/o registered agent, CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

Defendant Trimont Energy (NOW), LLC
c/o registered agent, David Rusch
601 Poydras Street, Suite 1720
New Orleans, Louisiana 70130

Defendant Spectrum AR, LLC
c/o registered agent, Jamie Manuel
618 Main Street
Baton Rouge, Louisiana 70801

Defendant Spectrum Energy Oil & Gas Holdings, LLC
c/o registered agent, Capitol Services, Inc.
108 Lakeland Avenue
Dover, Delaware 19901

Defendant Spectrum Energy Holdings, Inc.
c/o registered agent, Capitol Services, Inc.
108 Lakeland Avenue
Dover, Delaware 19901

**I**

| | | |
|---|---|---|
| KRISTIN NICHOLS, ON BEHALF OF B.N. AND G.N. AND LAUREN O'NEILL, ON BEHALF OF N.N. | * * * * | SUIT NO.: ____    DIVISION |
| | * | |
| VERSUS | * * | __ TH JUDICIAL DISTRICT COURT |
| WHITNEY OIL & GAS, LLC, DP LOUISIANA, LLC, DP GULF COAST, LLC, TRIMONT ENERGY, LLC, TRIMONT ENERGY (NOW), LLC, SPECTRUM AR, LLC, SPECTRUM ENERGY OIL & GAS HOLDINGS, LLC, AND SPECTRUM ENERGY HOLDINGS, INC. | * * * * * * * * * | PARISH OF ORLEANS

STATE OF LOUISIANA |

Section 5

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

**TO:**   Defendant Whitney Oil & Gas, LLC who may be served with process through its registered agent, David Rusch, 601 Poydras Street, Suite 1720, New Orleans, Louisiana 70130.

Defendant DP Louisiana, LLC who may be served with process through its registered agent, David Rusch, 601 Poydras Street, Suite 1720, New Orleans, Louisiana 70130.

Defendant DP Gulf Coast, LLC who may be served with process through its registered agent, Baker & Hostetler LLP, 811 Main Street, Suite 1100, Houston, Texas 77002.

Defendant Trimont Energy, LLC who may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201

Defendant Trimont Energy (NOW), LLC who may be served with process through its registered agent, David Rusch, 601 Poydras Street, Suite 1720, New Orleans, Louisiana 70130.

Defendant Spectrum AR, LLC who may be served with process through its registered agent, Jamie Manuel, 618 Main Street, Baton Rouge, Louisiana 70801.

Defendant Spectrum Energy Oil & Gas Holdings, LLC who may be served with process through its registered agent, Capitol Services, Inc., 108 Lakeland Avenue, Dover, Delaware 19901.

Defendant Spectrum Energy Holdings, Inc. who may be served with process through its registered agent, Capitol Services, Inc., 108 Lakeland Avenue, Dover, Delaware 19901.

Plaintiffs propound this First Set of Interrogatories, Requests for Production and Request for Admissions to Defendants. Pursuant to the Louisiana Code of Civil Procedure, Defendants are each required to answer, separately, fully, in writing, and under oath, and provide, or produce for inspection, copying and replication, the things requested, within thirty (30) days after the date of service, at the law offices of ARNOLD & ITKIN LLP, 6009 Memorial Drive, Houston, Texas 77007.

1

# I

## Section 5

**I.**

### Definitions and Instructions

1. The terms **"you**," **"your**," **"yours**," **"Defendant"** or **"Defendants"** shall mean, unless otherwise specified in a particular request, the Defendants named in this lawsuit and/or any agent, representative, employee, your insurance providers, their agents, their employees, your attorneys, your accountants, your investigators, or any individual and/or entity action on your behalf.

2. The terms **"document"** or **"documents"** shall mean all documents and tangible things, in the broadest sense allowed under the Louisiana Code of Civil Procedure, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, accident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

3. You are to produce all documents that are in your possession, control, or custody or in the possession, control, or custody of any attorney for you. This includes, but is not limited to, documents in the possession, custody, control of you, your attorneys, agents, employees, investigators, consultants, and experts, as well as any firm, subsidiary, parent, affiliated, or related entity, and any other entity or business in which you own a controlling interest or over which you exercise control. You are required to use reasonable diligence to locate the documents, including those that are not in your immediate possession. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

4. With respect to hard copy or paper production, all documents responsive to this request shall be produced in their original form.

5. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original documents being produced.

6. You are required to amend or supplement your production of documents called for in these requests for production.

2

FILED

2025 JAN 23  P 04:42

CIVIL
DISTRICT COURT

**I**

Section 5

7. In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

8. Plaintiff requests that you provide a privilege log containing the descriptions for each document not produced because of a claim of privilege. Such descriptions shall specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege. Plaintiff requests that you provide such descriptions within fifteen days after service of your response, or responses, to these document requests.

9. If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

10. Responsive Electronically Stored Information ("ESI") shall be produced in native form; that is, in the form in which the information and/or documents were customarily created, used, and stored by the native application employed by you in the ordinary course of business.

    a. If it is infeasible or unduly burdensome to produce an item of responsive ESI in its native form, you may produce in a near-native form; that is, in a form in which the item can be imported into the native application without a material loss of content, structure or functionality as compared to the native form. Static image production formats serve as near-native alternatives only for documents which are natively static images (i.e., photographs and scans).

    b. The table below supplies examples of native or near-native forms in which specific types of ESI should be produced:

| SOURCE ESI | NATIVE FORM(S) SOUGHT |
|---|---|
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB, .ACCDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat Documents | .PDF |
| Photographs | .JPG, .PDF |
| E-mail | Messages should be produced in a form or forms that readily support import into standard e-mail client programs; that is, the form of production should adhere to the conventions set out in RFC 5322 (the internet e-mail standard).<br><br>For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced.<br><br>For Lotus Notes mail, furnish .NSF files or convert to .PST.<br><br>If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with |

2025-00568 Case 2:25-cv-00533-NJB-JVM    Document 1-1    Filed 03/18/25    Page 26 of 84

FILED

2025 JAN 23  P 04:42

CIVIL

DISTRICT COURT

**I**

Section 5

| parent/child relationships to the message and container(s) preserved and produced in a delimited text file. |

c. You need only produce reports from databases that can be generated in the ordinary course of business (i.e., without specialized programming skills), and these shall be produced in a delimited electronic format preserving field and record structures and names. The parties will meet and confer regarding programmatic database productions as necessary.

d. Individual documents requiring redaction shall (as feasible) be redacted natively or produced in .PDF format and redacted using the Adobe Acrobat redaction feature. Redactions shall not be accomplished in a manner that serves to downgrade the ability to electronically search the un-redacted portions of the item.

e. You need not produce identical documents in more than one form and shall globally de-duplicate identical items across custodians using each document's unique MD5 hash value. The content, metadata and utility of a document must all be considered in determining whether documents are identical, and items reflecting different information shall not be deemed identical.

f. Production should be made using appropriate electronic media of your choosing provided that the production media chosen not impose an undue burden or expense upon Plaintiff or Plaintiff's counsel as recipients. You must, contemporaneously with production, supply decryption credentials and passwords to the receiving party for all items produced in an encrypted or password-protected form.

g. Each document produced shall be uniquely identified by naming the item to correspond to a Bates identifier according to the following protocol:

    i. The first fourteen (14) characters of the filename will reflect a unique alphanumeric designation identifying the party making production and the case;

    ii. The next ten (10) characters, beginning with an underscore, will be a unique, consecutive numeric value assigned to the item by the producing party. This value shall be padded with leading zeroes as needed to preserve its length;

    iii. The final five (5) characters are reserved to a sequence beginning with a dash (-) followed by a four digit number reflecting pagination of the item when printed to paper or converted to an image format for use in proceedings or when attached as exhibits to pleadings.

    iv. By way of example, a Microsoft Word document produced by Acme Corporation in its native format might be named: ACME_VMESHSDCA_000000123.docx. Were the document printed out for use in deposition, page six of the printed item must be embossed with the unique identifier ACME_VMESHSDCA_000000123-0006.

h. Documents designated Confidential may, at your option:

    i. Be separately produced on electronic production media prominently labeled to identify the contents as confidential; or, alternatively,

4

FILED

2025 JAN 23  P 04:42

CIVIL

DISTRICT COURT

**I**

Section 5

    ii. Each such designated document shall have appended to the file's name (immediately following its Bates identifier) an indication of its confidentiality.

  i. You shall furnish a delimited load file supplying the metadata field values listed below for each document produced (to the extent the values exist and as applicable):

| FIELD |
|---|
| BeginBates |
| EndBates |
| BeginAttach |
| EndAttach |
| Custodian/Source |
| Source File Name |
| Source File Path |
| From/Author |
| To |
| CC |
| BCC |
| Date Sent |
| Time Sent |
| Subject/Title |
| Last Modified Date |
| Last Modified Time |
| DOCUMENT Type |
| Redacted Flag (yes/no) |
| Hidden Content/Embedded Objects Flag (yes/no) |
| Confidential flag (yes/no) |
| MD5 Hash value |
| Hash De-Duplicated Instances (by full path) |

  j. Each production should include a cross-reference load file that correlates the various files, images, metadata field values and searchable text produced.

  k. Respond to each request for production by listing the unique identifier (Bates-style) numbers/ranges of responsive documents produced.

  l. If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, please set forth in writing: (1) the date, name and subject matter of the document; (2) the name, employment and title of each person who prepared, received, reviewed, or had possession, custody, or control of the document; (3) all persons with knowledge of the contents or any portion of the contents of the document; (4) the previous location of the document; (5) the date of disposal or transfer of the document; (6) the reason for disposal or transfer of the document; and, if applicable, (7) the manner of disposal of the document; or, if applicable, (8) the names and addresses of the transferees of the document.

  m. It is required that all documents and/or other data compilations which might impact on the subject matter of this litigation be preserved and that any ongoing process of documents destruction involving such documents cease. In those instances where document destruction has already taken place, it is requested that the documents that would have been relevant to the following discovery request be identified as well as the date of destruction and the individual authorizing, ordering and/or carrying out the destruction.

5

FILED

2025 JAN 23  P 04:42

CIVIL

DISTRICT COURT

**I**

Section 5

    n. If you believe that a complete response to any request would require the disclosure of confidential health information, the disclosure of which you believe is prohibited by the Health Insurance Portability and Accountability Act (HIPAA) or other law, Plaintiffs will accept responses that are redacted to comply with such law but that are otherwise complete. Plaintiffs expressly reserve the right to challenge any such redaction.

    o. Your response to each Request for Production should include the unique identifier numbers/ranges that identify the documents responsive to that particular request. For instance, if, in response to Request for Production No. 3, You are producing 50 documents, your response should identify the unique identifier numbers for those 50 documents.

11. The terms "**and/or**," "**or**," and "**and**" are used inclusively, not exclusively.

12. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter gender. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

13. The terms "**identify**" or "**identity**" when used herein means:

    a. With respect to a **natural person**, all that you know or that you can determine about his or her full name or names, title, present or last known employer or job description, and present or last known home and business addresses.

    b. With respect to an **entity or organization which is not a natural person**, all that you know or that you can determine about its full name or names, dates and places of formation, principal places of business, and business addresses.

    c. With respect to **documents**, all that you know or that you can determine about title, type of documents, date, author, addressee, recipients, any identifying numbers on such documents, substance of its contents, subject matter, present location, present custodian, and each person who has possession, custody, or control over each copy of each document.

    d. With respect to a **physical object**, all that you know or that you can determine about its common name, identifying number(s), manufacturer and date of manufacture of the object.

    e. With respect to an **event**, all that you know or can determine about the date, time, place, participants, actions taken, and results obtained.

14. The terms "**custodial document**," "**custodial documents**," "**custodial file**," or "**custodial files**" shall mean all documents maintained by your current employees and past employees (while they were employed). For example, custodial documents include each document on and/or in an individual employee's computer, voice mail, office desk, office filing cabinet or storage system, file storage maintained by that person outside of his/her office, and any other location in which that employee keeps or kept documents.

15. The terms "**communication**" or "**communications**" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

16. The term "**information**" should be construed in the broadest possible sense. It is intended reference both facts and applicable principles. This term should not be

6

FILED

2025 JAN 23  P 04:42

CIVIL

DISTRICT COURT

2025-00568

# I

## Section 5

construed to be limited by any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

17. The terms "**person**" includes, without limitation, a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

18. The terms "**entity**" or "**entities**" includes, without limitation, any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

19. The terms "**expert**," "**experts**," "**expert witness**," or "**expert witnesses**" shall mean any person or entity who may be called upon as an expert witness at trial and any person or entity used for consultation who is not expected to be called as a witness at trial, but whose opinions, work product, or mental impressions have been reviewed or relied upon by a testifying expert.

20. The terms "**concerning**" or "**relating to**" shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

21. The terms "**describe**" or "**describing**" when used in reference to any documents or tangible evidence includes, without limitation, stating the title or name, date, time, author of documents, the common name, identifying number, manufacturer and date of manufacture of any object and the name and address of the person(s) having possession, custody, or control of such at the present time.

22. The terms "**evidencing**" shall mean constituting, reflecting, memorializing, referring to and/or supporting – logically, factually, indirectly or directly – the matter discussed.

23. The term "**damages**" shall mean all claims for relief alleged by Plaintiffs.

24. The "**incident**" refers to the explosion and fire that occurred on or about August 17, 2024 that killed Joshua Nichols.

25. The term "**decedent**" refers to Joshua Nichols.

26. **If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.**

7



**I**

**Section 5**

**II.**

**Interrogatories**

1. Give the name, job title, employer, last-known residential address, and last-known residential telephone number of each person to whom the occurrences underlying this lawsuit were reported.

**ANSWER**:


2. Give the name, job title and employer at the times and on the occasions in question, last-known employer, last-known employer's address, last-known residential telephone number, and last-known residential address of each person who witnessed or was in the closest proximity to Decedent when the underlying basis of this lawsuit occurred.

**ANSWER**:


3. Has this Defendant been sued in its correct name? If not, state the correct name.

**ANSWER**:


4. Were any individuals or companies other than those named in the Petition herein involved in any manner in the incident made the basis of this suit? If your answer is in the affirmative, please identify said individuals and/or companies.

**ANSWER**:


5. Please identify any and all person(s) known to you to have knowledge of the relevant facts upon which this lawsuit is based. In your answer, please describe the knowledge they have, identify their employer at the time of the incident, and provide their last known telephone number, address, and email address.

**ANSWER**:


6. If you claim that the incident resulted from Plaintiffs' or Decedent's own contributory negligence, fault, lack of care, inattention to duties, or failure to take ordinary precautions commensurate with his own safety, please set forth fully and specifically the facts upon which you rely for those claims.

**ANSWER**:


7. Have you conducted an investigation into the cause or causes of the incident in question? If your answer is in the affirmative, please identify each and every person conducting said investigation(s), the date(s) on which said investigation(s) were performed, and who was present during said investigation(s).

**ANSWER**:


8. State when, where and under what circumstances you first became aware that Plaintiffs and/or Decedent were claiming to have sustained the injuries made the basis of this lawsuit.

**ANSWER**:

8

# I

## Section 5

9. Do you possess any statements, whether signed or unsigned, written or otherwise, concerning facts relating to the incident made the basis of this lawsuit or the injuries therefrom? If your answer is "yes", identify each person from whom you possess a statement; state when and where each and every statement or statements were taken; and identify the person who took each such statement and by whom each person was employed at the time such statement was taken.

**ANSWER**:

10. If you contend that some person, thing, or entity other than either the Plaintiffs, Decedent, or Defendants, by some act or omission, caused or contributed to cause the incident in question in any way, no matter how slight or small, or the injuries allegedly resulting therefrom, identify that person, entity, or thing.

**ANSWER**:

11. Please state whether, subsequent to the alleged incident, you or any other company to your knowledge made any repairs, additions, alterations, renovations, improvements, or performed any other work on the area or equipment involved in the incident. For each such alteration, or instance of such work, state the date it was done, the names of all persons participating in the work to be done, the reason the work was to be done, and a description of all repairs, alterations, or work done.

**ANSWER**:

12. Please state the name, address (home and business) and telephone number (home and business) of this Defendant's person in charge of the area where the incident occurred and/or operations taking place on the date of the incident made the basis of this suit, and the exact name and address of the company by whom he was employed at the time of the incident.

**ANSWER**:

13. Identify every insurance policy that could provide coverage or indemnity to this Defendant for this incident, and please provide the following information:

   a) Identity the carrier(s) and the applicable primary limits of each insurance policy;
   b) Identity the carrier(s) and the applicable excess and/or umbrella limits of each insurance policy;
   c) State whether this Defendant is being indemnified by any other party to this case or third party with regard to the incident;
   d) State whether this Defendant has been provided (or has provided other parties) with any reservations of rights letters applicable to the incident.

**ANSWER**:

18. Identify the owner of the premises where the incident made the basis of this suit occurred.

**ANSWER**:

9

E-Filed

I

Section 5

19.   Identify the operator of the premises where the incident made the basis of this suit occurred.

**ANSWER**:

20.   Identify any successor entities or entities that have assumed the liabilities of any entity identified in your responses to Interrogatories 18 and 19.

**ANSWER**:

21.   Identify each entity you had a contract, Master Services Agreement, purchase order, memorandum of understanding, and/or any other similar contractual arrangement with covering the job in question.

**ANSWER**:

22.   If you claim to be Decedent's statutory employer, identify the factual basis for that contention.

**ANSWER**:

**I**

Section 5

**III.**

### Requests for Production

1. All policies of insurance that cover the occurrences in question, including excess coverage(s), which were in effect on the date of the incident made the basis of this suit.

2. All photographs, videos, drawings, or other depictions of the incident scene, Plaintiffs, Decedent, or other relevant objects that concern the events giving rise to this lawsuit.

3. All diagrams or maps of the incident scene that relate to the events giving rise to this lawsuit.

4. All witness statements which relate to or reference the incident made the basis of this suit.

5. All accident, injury, disability or injury reports on Plaintiffs and/or Decedent, that concern the events giving rise to this lawsuit.

6. All medical records that refer to Plaintiffs and/or Decedent, including medical records that predate the occurrences in question.

7. All income tax returns and attachments that relate to Plaintiffs and/or Decedent.

8. All social security earnings records you possess relating to Plaintiffs and/or Decedent.

9. All reports, citations, or other documents from OSHA, NTSB, MMS, BSEE, law enforcement agencies, and/or any other governmental agency that concern the events giving rise to this lawsuit.

10. All records referring to Plaintiffs and/or Decedent concerning the criminal justice system.

11. All safety manuals and materials that relate to the events underlying this lawsuit.

12. All records referring to Plaintiffs and/or Decedent relating to their prior and current employers.

13. All employment files for Plaintiffs and/or Decedent in your possession.

14. Produce copies of all disability records obtained by Defendant pertaining to or referencing Plaintiffs and/or Decedent.

15. Produce copies of all workers' compensation records obtained by Defendant pertaining to or referencing Plaintiffs and/or Decedent.

16. Produce all records referring to Plaintiffs and/or Decedent concerning the civil or criminal justice system. This request includes, but is not limited to, prior lawsuits, workers' compensation claims, divorce proceedings, probate proceedings, child support proceedings, indictments, bills of information, judgments, and plea bargains.

17. Produce photographs, tape recordings, reports, moving pictures, or video reproductions that represent surveillance of Plaintiffs and/or Decedent at any time.

18. All reprimands, including notations of verbal reprimands, given to any employee for any reason that concern the events giving rise to this lawsuit.

19. All reprimands, including notations of verbal reprimands, given to any contractor for any reason that concern the events giving rise to this lawsuit.

11

FILED

2025 JAN 23  P 04:42

CIVIL

DISTRICT COURT

E-Filed

**I**

Section 5

20. All non-privileged communications from you or your employees to medical providers, you, your insurers, agents and/or representatives that in any manner concern the events giving rise to this lawsuit.

21. All documents concerning any subsequent remedial measures taken after the events giving rise to this lawsuit.

22. All documents concerning any contingency plans for persons hurt on Defendant's property.

23. All reports, citations, or other documents to or from OSHA, NTSB, MMS, BSEE, law enforcement agencies, and/or any other governmental agency that concern compliance or noncompliance with any government standards concerning the incident made the basis of this suit.

24. All photographs, videotapes, or films which depict the events underlying this lawsuit during the day of the incident.

25. All accident reports filed in connection with the events underlying this lawsuit.

26. All settlement agreements, releases, indemnifications, or assignments which have been signed by you in connection with the events underlying this lawsuit.

27. Documents identifying all personnel present at the premises on the date of the incident.

28. All documents that concern, refer, or relate to correspondence, email, letters, and communications with any contractor company that had employees or workers at the job site on the date in question regarding their scope of work and/or the incident.

29. All documents that concern, refer, or relate to warnings given to companies and/or persons at the job site in the 6 months leading up to the incident about use of equipment.

30. All documents that refer, concern, or relate to safety manuals and policies at the job site.

31. All documents that concern, refer, or relate to any written work procedures that were being performed where the incident occurred and/or on the equipment involved in the incident when the incident occurred.

32. Copies of all pictures taken during inspections of the job site.

33. Copy of any pictures of any equipment involved in the incident before and after the incident.

34. Copies of all videos and/or audio recordings made during inspections of the pipeline and/or job site.

35. Copies of all video of the pipeline and/or job site leading up until the time of incident and for the seventy-two hours following the incident.

36. Copies of all laser scans of the pipeline and/or job site.

37. Copies of any permits and/or job hazard analysis issued related to the work in question on the day of the incident.

38. Copies of any permits and job hazard analysis issued related to the work in question for the sixty days prior to the incident.

12

FILED

2025 JAN 23  P 04:42

CIVIL

DISTRICT COURT

**I**

**Section 5**

39.   Copies of any JSAs issued with respect to the job site on the day of the accident.

40.   Copies of any JSAs issued with respect to the job site for the sixty days prior to the Accident.

41.   Defendants' safety policies, procedures, and/or manuals.

42.   Defendants operations policies, procedures, and/or manuals.

43.   Defendants' maintenance manuals and/or checklists.

44.   Defendants' employee manuals.

45.   Defendants' safety presentations for the past five years.

46.   Defendants' safety videos for the past five years.

47.   Defendants' safety policies, procedures, and/or manuals related to interactions, oversight, management, and/or dealings with contractors.

48.   Defendants' safety policies, procedures, and/or manuals related to working around pipelines.

49.   Defendants' safety policies, procedures, and/or manuals related to the permitting process, including but not limited to, hot work permits and confined space permits.

50.   Defendants' safety policies, procedures, and/or manuals related to air monitoring and/or vapor monitoring.

51.   Defendants' safety policies, procedures, and/or manuals related to preventing and/or mitigating the risk of fires and/or explosions.

52.   Produce all JSA's, safety meeting, or "toolbox talk" materials, handouts, minutes, outlines, testing material, demonstrations, or other related documents for the six months prior to the incident, including the date of the incident in question.

53.   Copies of any unit radio transmission recordings that exist of personnel working around pipeline and/or job site. The period is limited to 12 hours before the incident and 12 hours after the incident.

54.   All reports, citations, or other documents from OSHA, DEQ, DOT, Louisiana State Police, Louisiana Coast Guard, U.S. Coast Guard, or any other federal, state, parish, or local governmental agency that concern the events giving rise to this lawsuit.

55.   All documents that refer, concern, or relate to policies, procedures, and/or manuals that detail how you plan for or attempt to mitigate the risk of incidents at the job site.

56.   Any safety reports or safety flashes or safety bulletins for the pipeline and/or job site during the past five years.

57.   Any root cause analyses, tap root investigation reports, and/or any similar type of documents related to the incident in question.

58.   All documents that concern, refer, or relate to the safety record for the job site over the past ten years. This request includes, but is not limited to, any and all first aids, recordables, injuries, OSHA 300 logs, OSHCON investigation reports, and/or fatalities.

59.   All documents that concern, refer, or relate to emergency response procedures for evacuations.

13

2025 JAN 23  P 04:42

CIVIL

DISTRICT COURT

# I

Section 5 All documents that concern, refer, or relates to incidents at pipeline and/or job site for the past 10 years.

61. Copies of all correspondence with any governmental agency regarding the incident at the job site on the date in question.

62. Copy of any citation received from OSHA or any other governmental agency as a result of the incident at the job site on the date in question.

63. All documents that concern, refer, or relate to correspondence with OSHA or any other governmental agency for the past ten years that concerns safety in any manner.

64. Copies of correspondence with any governmental agencies regarding problems at the job site for the past 10 years.

65. Copy of any citation received from OSHA for the job site over the past ten years.

66. All internal emails that concern, refer, or relate how to respond to OSHA or other governmental agencies for the past ten years.

67. All documents that concern, refer, or relate to internal communication regarding the incident.

68. All documents that concern, refer, or relate to repairs, renovations, changes, or alterations to the area of the job site where the incident occurred after the incident.

69. All documents that concern, refer, or relate to companies that repaired any equipment in the area of the incident at the job site for the past ten years.

70. Copies of work order/work notifications for any equipment in the area where the incident occurred.

71. Copies of work order/work notifications for the area where the incident occurred for the past ten years.

72. Copy of all evacuation plans or procedures for the job site.

73. Copy of settlement agreements with state or federal environmental authorities at the job site.

74. Any contracts, MSA's, and/or similar agreements with any employer of Plaintiffs and/or Decedent.

75. Any contracts, MSA's, and/or similar agreements with The Production Group related to the provision of services and/or laborers.

76. Any contracts, MSA's, and/or similar agreements between Defendants.

77. Any contracts, MSA's, and/or similar agreements between Defendants related to work that implicates the job in question.

78. All documents that concern, refer, and/or relate to the relationship between Defendants.

79. All documents evidencing the scope of work for any contractors, subcontractors, and/or other entities related to the work in question.

80. Produce all purchase orders, invoices, bills, and/or other similar documents related to the incident and/or the work in question.

14

FILED
2025 JAN 23  P 04:42
CIVIL
DISTRICT COURT

Section 5

81.   Copy of all documents that reflect the nature of the work Decedent was performing on the date in question.

82.   Copy of all documents that reflect the nature of work Decedent's employer was performing at the job site.

83.   Produce all documents relating to any metallurgical analyses, photographs, x-rays, w-ray fluorescence analysis, Scanning Electron Microscopy, optical microscopy, CT scanning, fractographic analysis, macrophotogramy, microscope imaging, and/or any other similar type of analysis/inspection performed by you in relation to the incident in question.

84.   All summaries, reports, and files reviewed by each person who may testify as an expert witness at trial.

85.   All documents prepared by each expert witness who has been consulted by you and whose opinions have been reviewed by an expert witness who may testify at trial.

86.   Copies of all publications which any expert witness obtained or consulted by you, has contributed to or on which he or she will rely, which relate in any way to the subject matter or opinions of the expert witness.

87.   All documents evidencing communications between you and each expert witness who may testify at trial.

88.   A current copy of the *curriculum vitae* or resume of any person whom you may call as an expert witness in the trial of this case.

89.   A current *curriculum vitae* or resume of each person whose opinions or impressions have been reviewed or relied upon by any person who may be called to testify in the trial of this case.

90.   A current list of the cases, including the cause number, of all trial and deposition testimony given in the past four (4) years by each person whom you may call as an expert witness in the trial of this case in which such expert discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

91.   A current list of the cases, including the cause number, of all trial and deposition testimony given in the past four (4) years by each person whose opinions or impressions have been reviewed or relied upon by any expert who may be called to testify in the trial of this case in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

92.   All transcripts and video recordings of deposition or trial testimony given in the past four (4) years by each person whom you may call as an expert witness in the trial of this case in which such expert witness discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

93.   All transcripts and video recordings of deposition or trial testimony given in the past four (4) years by each person whose opinions or impressions may have been reviewed or relied upon by any expert who may be called to testify in the trial of this cause in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

94.   A current list of works written or published by each person whom you may call as an expert witness in a trial of this case.

FILED
2025 JAN 23  P 04:42
CIVIL
DISTRICT COURT

95.   All documents which you have been asked to identify and/or to which you have made reference or identified in your responses to Plaintiff's Interrogatories to Defendant or relied upon to answer Plaintiff's Interrogatories to Defendant.

96.   All documents evidencing the cause of the events underlying this lawsuit.

97.   All documents supporting any defenses (affirmative or otherwise) raised by you to the allegations set forth in Plaintiffs' latest Petition.

98.   All correspondence between you and any other person (or entity) concerning the events underlying this lawsuit.

99.   Copies of Plaintiffs' and/or Decedent's medical records obtained by the Defendant in this litigation.

100.  All photographs, motion pictures, videos, models, diagrams, drawings, or other visual display concerning any issues in this case.

101.  All estimates of damages concerning Plaintiffs' and/or Decedent's.

102.  All documents evidencing the extent of damage, either physical or monetary, to Plaintiffs' and/or Decedent's.

103.  Copies of all documents, including policies and instruction manuals which the Defendant provide its employees during the hiring process and/or to contractors hired by you.

104.  All documents relating to events that are substantially similar to the events underlying this lawsuit and relating to Defendant.

105.  All documents relating to any instructions or directions provided by you to Decedent and/or Decedent's employer and relating to the events underlying this lawsuit.

106.  All documents concerning Plaintiffs' and/or Decedent's.

107.  All copies of any receipts, work orders, invoices, and or documents relating to any work performed related to the incident.

108.  Copies of all of Defendant's policies and procedures relating to the type of work being done at the time of the incident in question.

109.  All documents of Defendant's history of incidents occurring as a result of not accurately following and/or enforcing policies and procedures in the past 10 years.

110.  Copies of any documents regarding the pipeline and/or jobsite in question.

111.  All documents concerning, referring to, or relating to the events underlying this lawsuit.

112.  All documents concerning any requests to repair, maintain, service, and/or inspections of the pipeline and/or jobsite in question.

113.  All invoices, requisitions, logs and other similar documents that concern any repairs, alterations, inspections, corrections and/or improvements to any part the pipeline and/or jobsite in question.

114.  All reports, citations, or other documents to or from any governmental agency that concern the pipeline and/or jobsite involved in events giving rise to this lawsuit.

115.  A copy of any and all incident and/or injury reports related to the incident in question.

**I**

Section 6.5 Any communication with any party to this lawsuit.

117. All statements, whether written, recorded, transcribed, published or otherwise, and all notes of any such statements, relating to the events giving rise to this lawsuit or the claims raised by Plaintiffs in their latest Petition.

118. All correspondence between you and any other person concerning, relating to, or referring to the events giving rise to this lawsuit.

119. All documents provided any other party.

120. Defendant's document retention policy.

121. Defendant's code of ethics.

122. Produce all materials obtained via social media (i.e. Facebook, Instagram, TikTok, LinkedIn, Twitter, X, MySpace, gofundme, etc.) regarding Plaintiffs and/or Decedent.

123. Any document identifying the principal contractor responsible for the work being performed at the tank at the time of the incident.

124. Your plan for coordination of site safety programs among all contractors and subcontractors, including, but not limited to, and bridging documents, sim ops procedures, and/or other similar documents.

125. Any document identifying any third-party safety consultant and/or inspector who provided services related to the pipeline and/or jobsite in question.

126. The resume and credentials of any third-party safety consultant who provided independent inspections of the pipeline and/or jobsite in question.

127. Produce all documents, depositions, affidavits, expert disclosures, verdict search reports, or other materials that can and/or may be used to impeach Intervenors, Plaintiffs, their expert witnesses, and/or treating physicians.

128. All bankruptcy filings related to ownership and/or sale of the pipeline, well, and/or job site involved in the incident made the basis of this lawsuit.

129. All contracts, MOUs, emails, or other correspondence related to ownership and/or sale of the pipeline, well, and/or job site involved in the incident made the basis of this lawsuit.

130. A privilege log which describes each document, item, material, communication, and/or piece of information withheld on the basis of a privilege with sufficient particularity for Plaintiff to assess the applicability of the privilege asserted.

17

# I
## Section 5

**IV.**

### Requests for Admission

1. Admit that Defendant has been properly named in Plaintiffs' most recently filed Petition.

   **RESPONSE**:

2. Admit that Defendant was negligent in causing the damages sustained by Plaintiffs on the date in question.

   **RESPONSE**:

3. Admit that the Plaintiffs were not contributorily negligent at the time of his accident.

   **RESPONSE**:

4. Admit that the Plaintiffs did not suffer from any relevant pre-existing condition(s) prior to the occurrence in question.

   **RESPONSE**:

5. Admit that personal jurisdiction exists over the Defendant.

   **RESPONSE**:

6. Admit that this is a convenient forum.

   **RESPONSE**:

7. Admit that venue is proper.

   **RESPONSE**:

8. Admit that Defendant's actions proximately caused the damages sustained by Plaintiffs on the date in question based on the occurrence made the basis of this lawsuit.

   **RESPONSE**:

**I**

Section 5

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah Wexler*
Noah M. Wexler
LA Bar Roll No. 34995
Cory D. Itkin (*Pro Hac Vice*)
Alexandra F. Poulson (*Pro Hac Vice*)
6009 Memorial Drive
Houston, Texas  77007
713-222-3800 (Telephone)
713-222-3850 (Facsimile)


- and -

A. M. "Tony" Clayton (#21191)
Michael P. Frugé (#26287)
Richard J. Ward, III (#32267)
CLAYTON, FRUGÉ & WARD
3741 La. Highway 1 South
Port Allen, LA 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

**ATTORNEYS FOR PLAINTIFF**

E-Filed

**ATTORNEY'S NAME:**   Wexler, Noah M 34995
**AND ADDRESS:**   6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-00568 | DIVISION: I | SECTION: 05 |
|---|---|---|

### NICHOLS, KRISTIN, ET AL.

### Versus

### WHITNEY OIL & GAS, LLC, ET AL.

### CITATION

TO:   DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH

601 POYDRAS STREET, SUITE 1720, NEW ORLEANS, LA 70130

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025**

| | |
|---|---|
| **Clerk's Office, Room 402** | **CHELSEY RICHARD NAPOLEON, Clerk of** |
| **Civil Courts Building** | **The Civil District Court** |
| **421 Loyola Avenue** | **for the Parish of Orleans** |
| **New Orleans, LA 70112** | **State of LA** |
| | **by _____** |
| | **Deonca Julian, Deputy Clerk** |

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON  DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH | ON  DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH |
| THROUGH: | THROUGH: |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH** being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER            RETURN | Deputy Sheriff of _____ |
| _____/_____/_____ | |
| SERIAL NO.      DEPUTY      PARISH | |

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

     A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

     B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

     C. The court may grant additional time for answering.

     Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

**ATTORNEY'S NAME:**  Wexler, Noah M 34995
**AND ADDRESS:**  6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-00568 | DIVISION: I | SECTION: 05 |
|---|---|---|

### NICHOLS, KRISTIN, ET AL.

**Versus**

### WHITNEY OIL & GAS, LLC, ET AL.

## CITATION

**TO:**  DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH

601 POYDRAS STREET, SUITE 1720, NEW ORLEANS, LA 70130

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,
PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS
FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay
provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for
your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts
Building, 421 Loyola Avenue, New Orleans, LA 70112.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New
Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service
operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to
free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-
1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA January 30, 2025

| Clerk's Office, Room 402 | CHELSEY RICHARD NAPOLEON, Clerk of |
|---|---|
| Civil Courts Building | The Civil District Court |
| 421 Loyola Avenue | for the Parish of Orleans |
| New Orleans, LA 70112 | State of LA |
| | by _Deonca Julian_ |
| | Deonca Julian, Deputy Clerk |

---

## SHERIFF'S RETURN
### (for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH | ON DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH |
| THROUGH: | THROUGH: |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / | _____ No. _____ |
| PAPER          RETURN | Deputy Sheriff of _____ |
| /          / | |
| SERIAL NO.     DEPUTY     PARISH | |

ID: 11545425                    Page 1 of 2

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

    A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

    B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

    C. The court may grant additional time for answering.

    Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

**ATTORNEY'S NAME:**    Wexler, Noah M 34995
**AND ADDRESS:**    6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-00568 | DIVISION: I | SECTION: 05 |
|---|---|---|

## NICHOLS, KRISTIN, ET AL.

### Versus

## WHITNEY OIL & GAS, LLC, ET AL.

### CITATION - LONG ARM

TO:        DEFENDANT SPECTRUM ENERGY HOLDINGS, INC. C/O REGISTERED AGENT AGENT, CAPITOL SERVICES, INC.

THROUGH:    THE LOUISIANA LONG ARM STATUTE

108 LAKELAND AVENUE, DOVER, DE 19901

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by _____**
**Deonca Julian, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON  DEFENDANT SPECTRUM ENERGY HOLDINGS, INC. C/O REGISTERED AGENT AGENT, CAPITOL SERVICES, INC. | ON  DEFENDANT SPECTRUM ENERGY HOLDINGS, INC. C/O REGISTERED AGENT AGENT, CAPITOL SERVICES, INC. |
| THROUGH:  **THE LOUISIANA LONG ARM STATUTE** | THROUGH:  **THE LOUISIANA LONG ARM STATUTE** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **DEFENDANT SPECTRUM ENERGY HOLDINGS, INC. C/O REGISTERED AGENT AGENT, CAPITOL SERVICES, INC.** being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER              RETURN | _____ No. _____ |
| _____/_____/_____ | Deputy Sheriff of _____ |
| SERIAL NO.      DEPUTY      PARISH | |

ID: 11545462                                Page 1 of 1

ATTORNEY'S NAME:  Wexler, Noah M 34995
AND ADDRESS:  6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2025-00568        DIVISION: I        SECTION: 05

### NICHOLS, KRISTIN, ET AL.

#### Versus

### WHITNEY OIL & GAS, LLC, ET AL.

## CITATION - LONG ARM

TO: DEFENDANT SPECTRUM ENERGY HOLDINGS, INC. C/O REGISTERED AGENT AGENT, CAPITOL SERVICES, INC.

THROUGH: THE LOUISIANA LONG ARM STATUTE

108 LAKELAND AVENUE, DOVER, DE 19901

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of The Civil District Court for the Parish of Orleans State of LA
by _Deonca Julian_
Deonca Julian, Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON DEFENDANT SPECTRUM ENERGY HOLDINGS, INC. C/O REGISTERED AGENT AGENT, CAPITOL SERVICES, INC. | ON DEFENDANT SPECTRUM ENERGY HOLDINGS, INC. C/O REGISTERED AGENT AGENT, CAPITOL SERVICES, INC. |
| THROUGH: THE LOUISIANA LONG ARM STATUTE | THROUGH: THE LOUISIANA LONG ARM STATUTE |
| Returned the same day No. _____ | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said DEFENDANT SPECTRUM ENERGY HOLDINGS, INC. C/O REGISTERED AGENT AGENT, CAPITOL SERVICES, INC. being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | Returned the same day No. _____ |
| Mileage: $ _____ | Deputy Sheriff of _____ |
| _____ / ENTERED / _____ | |
| · PAPER            RETURN | |
| _____ / _____ / _____ | |
| SERIAL NO.    DEPUTY    PARISH | |

ID: 11545462        Page 1 of 1

**ATTORNEY'S NAME:** Wexler, Noah M 34995
**AND ADDRESS:** 6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-00568 | DIVISION: I | SECTION: 05 |
|---|---|---|

## NICHOLS, KRISTIN, ET AL.

### Versus

### WHITNEY OIL & GAS, LLC, ET AL.

### CITATION - LONG ARM

TO:  DEFENDANT TRIMONT ENERGY, LLC C/O REGISTERED AGENT, CT CORPORATION SYSTEM

THROUGH:  THE LOUISIANA LONG ARM STATUTE

1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the

Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty

(30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made

through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025**

| **Clerk's Office, Room 402** | **CHELSEY RICHARD NAPOLEON, Clerk of** |
|---|---|
| **Civil Courts Building** | **The Civil District Court** |
| **421 Loyola Avenue** | **for the Parish of Orleans** |
| **New Orleans, LA 70112** | **State of LA** |
| | **by _____** |
| | **Deonca Julian, Deputy Clerk** |

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON  DEFENDANT TRIMONT ENERGY, LLC C/O REGISTERED AGENT, CT CORPORATION SYSTEM | ON  DEFENDANT TRIMONT ENERGY, LLC C/O REGISTERED AGENT, CT CORPORATION SYSTEM |
| THROUGH:  **THE LOUISIANA LONG ARM STATUTE** | THROUGH:  **THE LOUISIANA LONG ARM STATUTE** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **DEFENDANT TRIMONT ENERGY, LLC C/O REGISTERED AGENT, CT CORPORATION SYSTEM** being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | |
| _____ / ENTERED / _____ | Returned the same day |
| | _____ No. _____ |
| PAPER          RETURN | Deputy Sheriff of _____ |
| _____/_____ /_____ | |
| SERIAL NO.     DEPUTY     PARISH | |

ID: 11545460                    Page 1 of 1

ATTORNEY'S NAME: Wexler, Noah M 34995
AND ADDRESS: 6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2025-00568      **DIVISION: I**      SECTION: 05

## NICHOLS, KRISTIN, ET AL.

### Versus

## WHITNEY OIL & GAS, LLC, ET AL.

### CITATION - LONG ARM

TO:      DEFENDANT TRIMONT ENERGY, LLC C/O REGISTERED AGENT, CT CORPORATION SYSTEM

THROUGH:      THE LOUISIANA LONG ARM STATUTE

1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

     ********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025**

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by *Deonca Julian*
Deonca Julian, Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON DEFENDANT TRIMONT ENERGY, LLC C/O REGISTERED AGENT, CT CORPORATION SYSTEM | ON DEFENDANT TRIMONT ENERGY, LLC C/O REGISTERED AGENT, CT CORPORATION SYSTEM |
| THROUGH: THE LOUISIANA LONG ARM STATUTE | THROUGH: THE LOUISIANA LONG ARM STATUTE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating |
| Deputy Sheriff of _____ | HIM/HER the said DEFENDANT TRIMONT ENERGY, LLC C/O REGISTERED AGENT, CT CORPORATION SYSTEM being absent from the domicile at time of said service. |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |

| PAPER | RETURN | | |
|---|---|---|---|
| _____ / _____ / _____ | | | Deputy Sheriff of _____ |
| SERIAL NO. | DEPUTY | PARISH | |

**ATTORNEY'S NAME:** Wexler, Noah M 34995
**AND ADDRESS:** 6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-00568 | DIVISION: I | SECTION: 05 |
|---|---|---|

## NICHOLS, KRISTIN, ET AL.

### Versus

### WHITNEY OIL & GAS, LLC, ET AL.

### CITATION

TO:      DEFENDANT SPECTRUM AR, LLC C/O REGISTERED AGENT, JAMIE MANUEL

618 MAIN STREET, BATON ROUGE, LA 70801

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by _____**
**Deonca Julian, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS** | **PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS** |
| ON  **DEFENDANT SPECTRUM AR, LLC C/O REGISTERED AGENT, JAMIE MANUEL** | ON  **DEFENDANT SPECTRUM AR, LLC C/O REGISTERED AGENT, JAMIE MANUEL** |
| THROUGH: | THROUGH: |
|  | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **DEFENDANT SPECTRUM AR, LLC C/O REGISTERED AGENT, JAMIE MANUEL** being absent from the domicile at time of said service. |
| Returned the same day | |
| _____ No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED /_____ | _____ No. _____ |
| PAPER          RETURN | Deputy Sheriff of _____ |
| _____/_____/_____ | |
| SERIAL NO.     DEPUTY     PARISH | |

ID: 11545428                    Page 1 of 2

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

      A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

      B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

      C. The court may grant additional time for answering.

      Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

ATTORNEY'S NAME:  Wexler, Noah M 34995
AND ADDRESS:  6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-00568 | DIVISION: I | SECTION: 05 |
|---|---|---|

**NICHOLS, KRISTIN, ET AL.**

**Versus**

**WHITNEY OIL & GAS, LLC, ET AL.**

## CITATION

TO:    DEFENDANT SPECTRUM AR, LLC C/O REGISTERED AGENT, JAMIE MANUEL

618 MAIN STREET, BATON ROUGE, LA 70801

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _Deonca Julian_
Deonca Julian, Deputy Clerk

---

## SHERIFF'S RETURN
### (for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON  DEFENDANT SPECTRUM AR, LLC C/O REGISTERED AGENT, JAMIE MANUEL | ON  DEFENDANT SPECTRUM AR, LLC C/O REGISTERED AGENT, JAMIE MANUEL |
| THROUGH: | THROUGH: |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said DEFENDANT SPECTRUM AR, LLC C/O REGISTERED AGENT, JAMIE MANUEL being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER          RETURN | Deputy Sheriff of _____ |
| ____/____        ____/____ | |
| SERIAL NO.     DEPUTY     PARISH | |

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

      A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

      B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

      C. The court may grant additional time for answering.

      Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

**ATTORNEY'S NAME:**   Wexler, Noah M 34995
**AND ADDRESS:**          6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-00568 | DIVISION: I | SECTION: 05 |
|---|---|---|

## NICHOLS, KRISTIN, ET AL.

### Versus

### WHITNEY OIL & GAS, LLC, ET AL.

### CITATION

TO:        DEFENDANT DP LOUISIANA, LLC C/O REGISTERED AGENT, DAVID RUSCH

601 POYDRAS STREET, SUITE 1720, NEW ORLEANS, LA 70130

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS,

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025**

| | |
|---|---|
| **Clerk's Office, Room 402** | **CHELSEY RICHARD NAPOLEON, Clerk of** |
| **Civil Courts Building** | **The Civil District Court** |
| **421 Loyola Avenue** | **for the Parish of Orleans** |
| **New Orleans, LA 70112** | **State of LA** |
| | **by _____** |
| | **Deonca Julian, Deputy Clerk** |

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS,** | **PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS,** |
| ON  **DEFENDANT DP LOUISIANA, LLC C/O REGISTERED AGENT, DAVID RUSCH** | ON  **DEFENDANT DP LOUISIANA, LLC C/O REGISTERED AGENT, DAVID RUSCH** |
| THROUGH: | THROUGH: |
| | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ | _____ a person of suitable age and |
| Returned the same day | discretion residing therein as a member of the domiciliary establishment, whose |
| _____ No. _____ | name and other facts connected with this service I learned by interrogating |
| Deputy Sheriff of _____ | HIM/HER the said **DEFENDANT DP LOUISIANA, LLC C/O REGISTERED AGENT, DAVID RUSCH** being absent from the domicile at time of said service. |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER                          RETURN | Deputy Sheriff of _____ |
| _____/_____/_____ | |
| SERIAL NO.        DEPUTY        PARISH | |

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

**ATTORNEY'S NAME:** Wexler, Noah M 34995
**AND ADDRESS:** 6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-00568 | DIVISION: I | SECTION: 05 |
|---|---|---|

### NICHOLS, KRISTIN, ET AL.

**Versus**

### WHITNEY OIL & GAS, LLC, ET AL.

## CITATION

**TO:** DEFENDANT DP LOUISIANA, LLC C/O REGISTERED AGENT, DAVID RUSCH
601 POYDRAS STREET, SUITE 1720, NEW ORLEANS, LA 70130

## YOU HAVE BEEN SUED:

You must either comply with the demand contained in the

**PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS,**

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by** _Deonca Julian_
**Deonca Julian, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS, | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS, |
| ON DEFENDANT DP LOUISIANA, LLC C/O REGISTERED AGENT, DAVID RUSCH | ON DEFENDANT DP LOUISIANA, LLC C/O REGISTERED AGENT, DAVID RUSCH |
| THROUGH: | THROUGH: |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said DEFENDANT DP LOUISIANA, LLC C/O REGISTERED AGENT, DAVID RUSCH being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER    RETURN | Deputy Sheriff of _____ |
| _____ / _____ / | |
| SERIAL NO.    DEPUTY    PARISH | |

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

ID: 11545426

**ATTORNEY'S NAME:**    Wexler, Noah M 34995
**AND ADDRESS:**        6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-00568 | DIVISION: I | SECTION: 05 |
|---|---|---|

### NICHOLS, KRISTIN, ET AL.

### Versus

### WHITNEY OIL & GAS, LLC, ET AL.

### CITATION

TO:      DEFENDANT TRIMONT ENERGY (NOW), LLC C/O REGISTERED AGENT DAVID RUSCH

       601 POYDRAS STREET, SUITE 1720, NEW ORLEANS, LA 70130

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

     **********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025**

| | |
|---|---|
| **Clerk's Office, Room 402** | **CHELSEY RICHARD NAPOLEON, Clerk of** |
| **Civil Courts Building** | **The Civil District Court** |
| **421 Loyola Avenue** | **for the Parish of Orleans** |
| **New Orleans, LA 70112** | **State of LA** |
| | **by _____** |
| | **Deonca Julian, Deputy Clerk** |

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON **DEFENDANT TRIMONT ENERGY (NOW), LLC C/O REGISTERED AGENT DAVID RUSCH** | ON **DEFENDANT TRIMONT ENERGY (NOW), LLC C/O REGISTERED AGENT DAVID RUSCH** |
| THROUGH: | THROUGH: |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating |
| Deputy Sheriff of _____ | HIM/HER the said **DEFENDANT TRIMONT ENERGY (NOW), LLC C/O REGISTERED AGENT DAVID RUSCH** being absent from the domicile at |
| Mileage: $ _____ | time of said service. |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER      RETURN | _____ No. _____ |
| _____ / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.    DEPUTY    PARISH | |

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

     A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

     B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

     C. The court may grant additional time for answering.

     Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

| ATTORNEY'S NAME: | Wexler, Noah M 34995 |
|---|---|
| AND ADDRESS: | 6009 Memorial Dr , Houston, TX 77007 |

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-00568 | DIVISION: I | SECTION: 05 |
|---|---|---|

## NICHOLS, KRISTIN, ET AL.

### Versus

## WHITNEY OIL & GAS, LLC, ET AL.

### CITATION

TO:    DEFENDANT TRIMONT ENERGY (NOW), LLC C/O REGISTERED AGENT DAVID RUSCH

601 POYDRAS STREET, SUITE 1720, NEW ORLEANS, LA 70130

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025

| | |
|---|---|
| **Clerk's Office, Room 402** | **CHELSEY RICHARD NAPOLEON, Clerk of** |
| **Civil Courts Building** | **The Civil District Court** |
| **421 Loyola Avenue** | **for the Parish of Orleans** |
| **New Orleans, LA 70112** | **State of LA** |
| | by _Deonca Julian_ |
| | **Deonca Julian, Deputy Clerk** |

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON DEFENDANT TRIMONT ENERGY (NOW), LLC C/O REGISTERED AGENT DAVID RUSCH | ON DEFENDANT TRIMONT ENERGY (NOW), LLC C/O REGISTERED AGENT DAVID RUSCH |
| THROUGH: | THROUGH: |
| | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| Returned the same day | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said DEFENDANT TRIMONT ENERGY (NOW), LLC C/O REGISTERED AGENT DAVID RUSCH being absent from the domicile at |
| _____ No. _____ | |
| Deputy Sheriff of _____ | time of said service. |
| Mileage: $ _____ | |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER            RETURN | _____ No. _____ |
| _____ / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.      DEPUTY      PARISH | |

ID: 11545427                               Page 1 of 2

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

     A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

     B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

     C. The court may grant additional time for answering.

     Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

**ATTORNEY'S NAME:**  Wexler, Noah M 34995
**AND ADDRESS:**  6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-00568 | DIVISION: I | SECTION: 05 |
|---|---|---|

### NICHOLS, KRISTIN, ET AL.

### Versus

### WHITNEY OIL & GAS, LLC, ET AL.

### CITATION - LONG ARM

TO:  DEFENDANT DP GULF COAST, LLC C/O REGISTERED AGENT, BAKER & HOSTETLER LLP

THROUGH:  THE LOUISIANA LONG ARM STATUTE

811 MAIN STREET, SUITE 1100, HOUSTON , TX 77002

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by _____**
**Deonca Julian, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,  PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON  **DEFENDANT DP GULF COAST, LLC C/O REGISTERED AGENT, BAKER & HOSTETLER LLP** | ON  **DEFENDANT DP GULF COAST, LLC C/O REGISTERED AGENT, BAKER & HOSTETLER LLP** |
| THROUGH:  **THE LOUISIANA LONG ARM STATUTE** | THROUGH:  **THE LOUISIANA LONG ARM STATUTE** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **DEFENDANT DP GULF COAST, LLC C/O REGISTERED AGENT, BAKER & HOSTETLER LLP** being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER          RETURN | _____ No. _____ |
| _____/_____    _____/_____ | Deputy Sheriff of _____ |
| SERIAL NO.     DEPUTY     PARISH | |

ID: 11545459

ATTORNEY'S NAME:    Wexler, Noah M 34995
AND ADDRESS:        6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2025-00568              DIVISION: I                  SECTION: 05

### NICHOLS, KRISTIN, ET AL.

### Versus

### WHITNEY OIL & GAS, LLC, ET AL.

## CITATION - LONG ARM

TO:        DEFENDANT DP GULF COAST, LLC C/O REGISTERED AGENT, BAKER &
           HOSTETLER LLP
THROUGH:   THE LOUISIANA LONG ARM STATUTE
           811 MAIN STREET, SUITE 1100, HOUSTON , TX 77002

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH,
PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS
FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the
Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty
(30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made
through the "Long Arm Statute" under penalty of default.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New
Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service
operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to
free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-
1000.
********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA January 30, 2025**

Clerk's Office, Room 402              CHELSEY RICHARD NAPOLEON, Clerk of
Civil Courts Building                 The Civil District Court
421 Loyola Avenue                     for the Parish of Orleans
New Orleans, LA 70112                 State of LA
                                      by _____
                                      Deonca Julian, Deputy Clerk

---

## SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON DEFENDANT DP GULF COAST, LLC C/O REGISTERED AGENT, BAKER & HOSTETLER LLP | ON DEFENDANT DP GULF COAST, LLC C/O REGISTERED AGENT, BAKER & HOSTETLER LLP |
| THROUGH: THE LOUISIANA LONG ARM STATUTE | THROUGH: THE LOUISIANA LONG ARM STATUTE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said DEFENDANT DP GULF COAST, LLC C/O REGISTERED AGENT, BAKER & HOSTETLER LLP being absent from the domicile at time of said service. |
| No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER          RETURN | No. _____ |
| _____ /          / _____ | Deputy Sheriff of _____ |
| SERIAL NO.     DEPUTY     PARISH | |

**ATTORNEY'S NAME:**  Wexler, Noah M 34995
**AND ADDRESS:**  6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-00568 | DIVISION: I | SECTION: 05 |
|---|---|---|

## NICHOLS, KRISTIN, ET AL.

### Versus

## WHITNEY OIL & GAS, LLC, ET AL.

### CITATION - LONG ARM

TO:          DEFENDANT SPECTRUM ENERGY OIL & GAS HOLDINGS, LLC C/O REGISTERED AGENT, CAPITOL SERVICES, INC.

THROUGH:  THE LOUISIANA LONG ARM STATUTE

108 LAKELAND AVENUE, DOVER , DE 19901

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty (30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by _____**
**Deonca Julian, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON  **DEFENDANT SPECTRUM ENERGY OIL & GAS HOLDINGS, LLC C/O REGISTERED AGENT, CAPITOL SERVICES, INC.** | ON  **DEFENDANT SPECTRUM ENERGY OIL & GAS HOLDINGS, LLC C/O REGISTERED AGENT, CAPITOL SERVICES, INC.** |
| THROUGH:  **THE LOUISIANA LONG ARM STATUTE** | THROUGH:  **THE LOUISIANA LONG ARM STATUTE** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **DEFENDANT SPECTRUM ENERGY OIL & GAS HOLDINGS, LLC C/O REGISTERED AGENT, CAPITOL SERVICES, INC.** being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER          RETURN | Deputy Sheriff of _____ |
| _____/_____/_____ | |
| SERIAL NO.    DEPUTY    PARISH | |

ID: 11545461                                    Page 1 of 1

ATTORNEY'S NAME:  Wexler, Noah M 34995
AND ADDRESS:      6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2025-00568

**DIVISION: I**

**SECTION: 05**

## NICHOLS, KRISTIN, ET AL.

### Versus

## WHITNEY OIL & GAS, LLC, ET AL.

### CITATION - LONG ARM

TO:      DEFENDANT SPECTRUM ENERGY OIL & GAS HOLDINGS, LLC C/O REGISTERED
         AGENT, CAPITOL SERVICES, INC.

THROUGH:  THE LOUISIANA LONG ARM STATUTE
         108 LAKELAND AVENUE, DOVER , DE 19901

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS'
FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR
ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the
Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112, within thirty
(30) days after the filing in the record of the affidavit of the individual attesting to the manner of delivery made
through the "Long Arm Statute" under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New
Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service
operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to
free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-
1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA January 30, 2025

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by *Deonca Julian*
Deonca Julian, Deputy Clerk

---

## SHERIFF'S RETURN
### (for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON DEFENDANT SPECTRUM ENERGY OIL & GAS HOLDINGS, LLC C/O REGISTERED AGENT, CAPITOL SERVICES, INC. | ON DEFENDANT SPECTRUM ENERGY OIL & GAS HOLDINGS, LLC C/O REGISTERED AGENT, CAPITOL SERVICES, INC. |
| THROUGH: THE LOUISIANA LONG ARM STATUTE | THROUGH: THE LOUISIANA LONG ARM STATUTE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose |
| Deputy Sheriff of _____ | name and other facts connected with this service I learned by interrogating |
| Mileage: $ _____ | HIM/HER the said DEFENDANT SPECTRUM ENERGY OIL & GAS HOLDINGS, LLC C/O REGISTERED AGENT, CAPITOL SERVICES, INC. being absent from the domicile at time of said service. |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER        RETURN | _____ No. _____ |
| /            / | Deputy Sheriff of _____ |
| SERIAL NO.    DEPUTY    PARISH | |

ID: 11545461

Page 1 of 1

FILED

2025 MAR 10  P 03:23

CIVIL

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS    DISTRICT COURT

## STATE OF LOUISIANA

NO.: 2025-00568            DIVISION: I            SECTION: 05

### KRISTIN NICHOLS, ET AL

### VERSUS

### WHITNEY OIL & GAS, LLC, ET AL

FILED:_____

_____
DEPUTY CLERK

### WHITNEY OIL & GAS, LLC AND DP LOUISIANA, LLC'S REQUEST FOR WRITTEN NOTICE

Pursuant to Article 1571 and 1572 of the Louisiana Code of Civil Procedure, Whitney Oil

& Gas, LLC and DP Louisiana, LLC, requests that this Court notify them, through undersigned

counsel, in writing at least to (10) days in advance of any date fixed for trial or hearing in this

matter, whether on an exception, rule or motion, or on the merits thereof.

Further, pursuant to Articles 1913 and 1914 of the Louisiana Code of Civil Procedure,

Whitney Oil & Gas, LLC and DP Louisiana, LLC requests that you notify them, through

undersigned counsel, in writing of any order or judgment to be entered in this case.

Respectfully Submitted,

_____
Elizabeth B. McIntosh (Bar #36575)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5001
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: ebmcintosh@liskow.com

*Attorney for Whitney Oil & Gas, LLC and*
*DP Louisiana, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2025, a copy of the foregoing pleading was
served upon all counsel of record by electronic mail.

_____

1

VERIFIED

Amber Sheeler

E-Filed                                    2025 MAR 11   A 09:04

FILED

2025 MAR 10  P 02:35

CIVIL

DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO: 2025-00568              DIVISION: I              SECTION: 05

### KRISTIN NICHOLS, ET AL.

### VERSUS

### WHITNEY OIL & GAS, LLC, ET AL.

**NOW INTO COURT**, through undersigned counsel, comes Whitney Oil & Gas, LLC ("Whitney" or "Defendant") who respectfully provides the following Answer and Affirmative Defenses in response to the Petition for Damages, Survival Action and Wrongful Death filed by Kristin Nichols, on behalf of BN and GN and Lauren O'Neill on behalf of NN:

### FIRST DEFENSE

The Petition fails to state a claim or cause of action upon which relief may be granted.

### SECOND DEFENSE

AND NOW, answering the specific allegations of the Petition, Defendant avers as follows:

1.

The allegations in Paragraph 1 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 1.

2.

The allegations in Paragraph 2 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 2.

3.

The allegations in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 3.

4.

The allegations in Paragraph 4 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 4.

5.

Defendant denies the allegations in Paragraph 5 for lack of sufficient information to form a belief therein.

VERIFIED

Amber Sheeler

2025 MAR 11  A 09:03

FILED

2025 MAR 10  P 02:35
CIVIL
DISTRICT COURT

6.

Defendant denies the allegations in Paragraph 6 for lack of sufficient information to form a belief therein.

7.

Defendant denies the allegations in Paragraph 7 for lack of sufficient information to form a belief therein.

8.

Defendant admits the allegations in Paragraph 8.

9.

Defendant denies the allegations in Paragraph 9 for lack of sufficient information to form a belief therein.

10.

Defendant denies the allegations in Paragraph 10 for lack of sufficient information to form a belief therein.

11.

Defendant denies the allegations in Paragraph 11 for lack of sufficient information to form a belief therein.

12.

Defendant denies the allegations in Paragraph 12 for lack of sufficient information to form a belief therein.

13.

Defendant denies the allegations in Paragraph 13 for lack of sufficient information to form a belief therein.

14.

Defendant denies the allegations in Paragraph 14 for lack of sufficient information to form a belief therein.

15.

Defendant denies the allegations in Paragraph 15 for lack of sufficient information to form a belief therein.

2

16.

Defendant admits that Joshua Nichols died on or about August 17, 2024. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 16 for lack of sufficient information to form a belief therein.

17.

Defendant denies the allegations in Paragraph 17 to the extent they are asserted against Defendant. Defendant denies the allegations in Paragraph 17 to the extent they relate to all other defendants for lack of sufficient information to form a belief therein.

18.

The allegations in Paragraph 18 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant reincorporates and reavers as if restated herein in exenso its responses to Paragraphs 1-18.

19.

Defendant denies the allegations in Paragraph 19 to the extent they are asserted against Defendant. Defendant denies the allegations in Paragraph 19 to the extent they relate to all other defendants for lack of sufficient information to form a belief therein.

20.

Defendant denies the allegations in Paragraph 20.

21.

Defendant denies the allegations in Paragraph 21.

22.

Defendant denies the allegations in Paragraph 22.

23.

Defendant admits that Mr. Nichols died. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 23.

24.

The allegations in Paragraph 24 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 24.

25.

3

FILED

2025 MAR 10  P 02:35
CIVIL
DISTRICT COURT

Defendant admits that Plaintiff has requested a jury trial.

26.

The allegations in the unnumbered paragraph following Paragraph 25 contain a prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation in the prayer for relief.

### THIRD DEFENSE

Decedent's damages (if any) were caused solely by the fault of decedent, third persons, parties, contractors, or entities over whom Defendant has no control or for whom Defendant is not legally responsible.

### FOURTH DEFENSE

Alternatively, Defendant avers that in the event that it is found negligent or otherwise at fault in any way for Plaintiffs' damages, which is expressly denied, then the other acts or omissions of the decedent or third persons, parties, contractors, or entities over whom Defendant has no control or for whom Defendant is not legally responsible were the sole cause and/or the sole intervening or superseding causes of decedent's incident and the Plaintiffs alleged damages. Defendant further pleads the doctrine of comparative fault, including that of decedent and other third parties, to be determined at trial.

### FIFTH DEFENSE

In the further alternative, in the event liability is found on the part of Defendant, which is at all times denied, Defendant avers that it would be entitled to a credit and/or offset for the amount of any amounts paid to decedent.

### SIXTH DEFENSE

Defendant avers that it could not and did not foresee the risks of any damages and/or injuries to decedent as alleged in the Petition.

### SEVENTH DEFENSE

Plaintiffs' alleged damages were the result of an unavoidable accident or other circumstances beyond Defendant's control.

4

FILED

2025 MAR 10  P 02:35
CIVIL
DISTRICT COURT

## EIGHTH DEFENSE

In the further alternative, Defendant avers that decedent's incident, if any, was the result of prior accidents or injuries or preexisting conditions for which Defendant is not responsible.

## NINTH DEFENSE

Decedent's misconduct, or the misconduct of others, was the sole cause of the incident and Plaintiffs' damages.

## TENTH DEFENSE

All or part of the injuries, damages, and/or losses decedent and/or Plaintiffs allegedly sustained are barred because decedent and/or Plaintiffs failed to mitigate damages.

## ELEVENTH DEFENSE

Decedent's incident was the result of an open, obvious, and apparent danger that was known to and recognized by decedent, who knowingly, willingly, intentionally, and voluntarily exposed himself to the danger, thereby assuming the risk of accident, injury, and damage, which conduct either bars or reduces Plaintiffs' recovery, if any.

## TWELFTH DEFENSE

Defendant pleads the defenses of *laches*, injury by fellow servant, *res judicata*, statute of limitations, payment, waiver, estoppel, spoliation of evidence, set off and credit as appropriate under the law.

## THIRTEENTH DEFENSE

The accident and injury complained of, if such occurred, were due to force majeure or Act of God for which Defendant can have no liability.

## FOURTEENTH DEFENSE

Any allegations in any unnumbered, mis-numbered, prefatory, ancillary, or conclusory paragraphs or articles and any allegations in any prayer for relief are denied.

## FIFTEENTH DEFENSE

Defendant reserves the right to amend its Answer to Plaintiffs' Petition, including asserting any additional affirmative defenses, and bring any other claims by way of cross- or third-party demands as it may deem appropriate as additional facts become known.

E-Filed

FILED

2025 MAR 10  P 02:35

CIVIL

DISTRICT COURT

WHEREFORE, Defendant Whitney Oil & Gas, LLC prays that this Answer be deemed good and sufficient and, after due proceedings, the Plaintiffs' claims against Whitney Oil & Gas LLC be dismissed, with prejudice, at Plaintiffs' costs, and for all other legal, equitable and other relief to which Whitney Oil & Gas LLC is entitled.

Respectfully submitted,

Elizabeth B. McIntosh, La. Bar No. 36575
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
ebmcintosh@liskow.com

*Attorneys for Whitney Oil & Gas, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2025, a copy of the foregoing pleading was served upon all counsel of record by electronic mail.

6

FILED

2025 MAR 10  P 02:33
CIVIL
DISTRICT COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO: 2025-00568            DIVISION: I            SECTION: 05

### KRISTIN NICHOLS, ET AL.

### VERSUS

### WHITNEY OIL & GAS, LLC, ET AL.

**NOW INTO COURT**, through undersigned counsel, comes DP Louisiana, LLC "DP Louisiana" or "Defendant") who respectfully provides the following Answer and Affirmative Defenses in response to the Petition for Damages, Survival Action and Wrongful Death filed by Kristin Nichols, on behalf of BN and GN and Lauren O'Neill on behalf of NN:

### FIRST DEFENSE

The Petition fails to state a claim or cause of action upon which relief may be granted.

### SECOND DEFENSE

AND NOW, answering the specific allegations of the Petition, Defendant avers as follows:

1.

The allegations in Paragraph 1 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 1.

2.

The allegations in Paragraph 2 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 2.

3.

The allegations in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 3.

4.

The allegations in Paragraph 4 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 4.

5.

Defendant denies the allegations in Paragraph 5 for lack of sufficient information to form a belief therein.

VERIFIED

Amber Sheeler
2025 MAR 11  A 09:02

E-Filed

FILED

2025 MAR 10  P 02:33
CIVIL
DISTRICT COURT

6.

Defendant denies the allegations in Paragraph 6 for lack of sufficient information to form a belief therein.

7.

Defendant denies the allegations in Paragraph 7 for lack of sufficient information to form a belief therein.

8.

Defendant denies the allegations in Paragraph 8 for lack of sufficient information to form a belief therein.

9.

Defendant admits that it is a Texas limited liability company with a registered office in Orleans Parish, Louisiana. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 9.

10.

Defendant denies the allegations in Paragraph 10 for lack of sufficient information to form a belief therein.

11.

Defendant denies the allegations in Paragraph 11 for lack of sufficient information to form a belief therein.

12.

Defendant denies the allegations in Paragraph 12 for lack of sufficient information to form a belief therein.

13.

Defendant denies the allegations in Paragraph 13 for lack of sufficient information to form a belief therein.

14.

Defendant denies the allegations in Paragraph 14 for lack of sufficient information to form a belief therein.

15.

FILED

2025 MAR 10  P 02:33
CIVIL
DISTRICT COURT

Defendant denies the allegations in Paragraph 15 for lack of sufficient information to form a belief therein.

16.

Defendant admits that Joshua Nichols died on or about August 17, 2024. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 16 for lack of sufficient information to form a belief therein.

17.

Defendant denies the allegations in Paragraph 17 to the extent they are asserted against Defendant. Defendant denies the allegations in Paragraph 17 to the extent they relate to all other defendants for lack of sufficient information to form a belief therein.

18.

The allegations in Paragraph 18 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant reincorporates and reavers as if restated herein in exenso its responses to Paragraphs 1-18.

19.

Defendant denies the allegations in Paragraph 19 to the extent they are asserted against Defendant. Defendant denies the allegations in Paragraph 19 to the extent they relate to all other defendants for lack of sufficient information to form a belief therein.

20.

Defendant denies the allegations in Paragraph 20.

21.

Defendant denies the allegations in Paragraph 21.

22.

Defendant denies the allegations in Paragraph 22.

23.

Defendant admits that Mr. Nichols died. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 23.

24.

3

FILED

2025 MAR 10  P 02:33

CIVIL

DISTRICT COURT

The allegations in Paragraph 24 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 24.

25.

Defendant admits that Plaintiff has requested a jury trial.

26.

The allegations in the unnumbered paragraph following Paragraph 25 contain a prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation in the prayer for relief.

**THIRD DEFENSE**

Decedent's damages (if any) were caused solely by the fault of decedent, third persons, parties, contractors, or entities over whom Defendant has no control or for whom Defendant is not legally responsible.

**FOURTH DEFENSE**

Alternatively, Defendant avers that in the event that it is found negligent or otherwise at fault in any way for Plaintiffs' damages, which is expressly denied, then the other acts or omissions of the decedent or third persons, parties, contractors, or entities over whom Defendant has no control or for whom Defendant is not legally responsible were the sole cause and/or the sole intervening or superseding causes of decedent's incident and the Plaintiffs alleged damages. Defendant further pleads the doctrine of comparative fault, including that of decedent and other third parties, to be determined at trial.

**FIFTH DEFENSE**

In the further alternative, in the event liability is found on the part of Defendant, which is at all times denied, Defendant avers that it would be entitled to a credit and/or offset for the amount of any amounts paid to decedent.

**SIXTH DEFENSE**

Defendant avers that it could not and did not foresee the risks of any damages and/or injuries to decedent as alleged in the Petition.

4

E-Filed

FILED

2025 MAR 10  P 02:33
CIVIL
DISTRICT COURT

## SEVENTH DEFENSE

Plaintiffs' alleged damages were the result of an unavoidable accident or other circumstances beyond Defendant's control.

## EIGHTH DEFENSE

In the further alternative, Defendant avers that decedent's incident, if any, was the result of prior accidents or injuries or preexisting conditions for which Defendant is not responsible.

## NINTH DEFENSE

Decedent's misconduct, or the misconduct of others, was the sole cause of the incident and Plaintiffs' damages.

## TENTH DEFENSE

All or part of the injuries, damages, and/or losses decedent and/or Plaintiffs allegedly sustained are barred because decedent and/or Plaintiffs failed to mitigate damages.

## ELEVENTH DEFENSE

Decedent's incident was the result of an open, obvious, and apparent danger that was known to and recognized by decedent, who knowingly, willingly, intentionally, and voluntarily exposed himself to the danger, thereby assuming the risk of accident, injury, and damage, which conduct either bars or reduces Plaintiffs' recovery, if any.

## TWELFTH DEFENSE

Defendant pleads the defenses of *laches*, injury by fellow servant, *res judicata*, statute of limitations, payment, waiver, estoppel, spoliation of evidence, set off and credit as appropriate under the law.

## THIRTEENTH DEFENSE

The accident and injury complained of, if such occurred, were due to force majeure or Act of God for which Defendant can have no liability.

## FOURTEENTH DEFENSE

Any allegations in any unnumbered, mis-numbered, prefatory, ancillary, or conclusory paragraphs or articles and any allegations in any prayer for relief are denied.

5

FILED

2025 MAR 10  P 02:33

CIVIL

DISTRICT COURT

## FIFTEENTH DEFENSE

Defendant reserves the right to amend its Answer to Plaintiffs' Petition, including asserting any additional affirmative defenses, and bring any other claims by way of cross- or third-party demands as it may deem appropriate as additional facts become known.

WHEREFORE, Defendant DP Louisiana, LLC prays that this Answer be deemed good and sufficient and, after due proceedings, the Plaintiffs' claims against DP Louisiana, LLC be dismissed, with prejudice, at Plaintiffs' costs, and for all other legal, equitable and other relief to which DP Louisiana, LLC is entitled.

Respectfully submitted,

Elizabeth B. McIntosh, La. Bar No. 36575
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
ebmcintosh@liskow.com

*Attorneys for DP Louisiana, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2025, a copy of the foregoing pleading was served upon all counsel of record by electronic mail.

6

**ATTORNEY'S NAME:**   Wexler, Noah M 34995
**AND ADDRESS:**   6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2025-00568        **DIVISION: I**        SECTION: 05

### NICHOLS, KRISTIN, ET AL.

### Versus

### WHITNEY OIL & GAS, LLC, ET AL.

## CITATION

TO:    DEFENDANT DP LOUISIANA, LLC C/O REGISTERED AGENT, DAVID RUSCH

601 POYDRAS STREET, SUITE 1720, NEW ORLEANS, LA 70130

## YOU HAVE BEEN SUED:

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS,

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by** _Deonca Julian_
**Deonca Julian, Deputy Clerk**

1265*b*

---

### SHERIFF'S RETURN
(for use of process servers only)

<table>
<tr><td>

**PERSONAL SERVICE**

On this 17TH day of _February_ 2025 served a copy of the within

</td><td>

**DOMICILIARY SERVICE**

On this _____ day of _____ served a copy of the within

</td></tr>
<tr><td>

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS,

ON DEFENDANT DP LOUISIANA, LLC C/O REGISTERED AGENT, DAVID RUSCH

THROUGH: _David Rusch_

_Howard_ _January_ P No. _528_
Deputy Sheriff of _Orleans_
Mileage: $ ____

Returned the same day

/ ENTERED /

</td><td>

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS,

ON DEFENDANT DP LOUISIANA, LLC C/O REGISTERED AGENT, DAVID RUSCH

THROUGH:

by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said DEFENDANT DP LOUISIANA, LLC C/O REGISTERED AGENT, DAVID RUSCH being absent from the domicile at time of said service.

Returned the same day

_____ No. _____

Deputy Sheriff of _____

</td></tr>
</table>

00 2025-568 / 2 / 9106
00 / LB        Badge # 509

VERIFIED

FEB 27 2025

_Michael Albanese_



FILED
2025 FEB 20  AM 9: 39
CIVIL
DISTRICT COURT

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

    A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

    B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

    C. The court may grant additional time for answering.

    Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

(00) 2025-568 - Service Date 02/17/2025 Time 12:15 PM
DP LOUISIANA, LLC
DAVID RUSCH
Personal at 601 POYDRAS ST
Howard James # 526,

ID: 11545426

ATTORNEY'S NAME:    Wexler, Noah M 34995
AND ADDRESS:        6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2025-00568      DIVISION: I      SECTION: 05

### NICHOLS, KRISTIN, ET AL.

**Versus**

### WHITNEY OIL & GAS, LLC, ET AL.

## CITATION

TO:    DEFENDANT TRIMONT ENERGY (NOW), LLC C/O REGISTERED AGENT DAVID RUSCH

601 POYDRAS STREET, SUITE 1720, NEW ORLEANS, LA 70130

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025

Clerk's Office, Room 402
Civil Courts Building
421 Loyola Avenue
New Orleans, LA 70112

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by Deonca Julian, Deputy Clerk

---

## SHERIFF'S RETURN
(for use of process servers only)

**PERSONAL SERVICE**

On this ____ day of _____ 2025
the within served a copy of
PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS
ON DEFENDANT TRIMONT ENERGY (NOW), LLC C/O REGISTERED AGENT DAVID RUSCH   David Rusch
THROUGH:
Howard James, Jr No. 526
Deputy Sheriff of ____ Allen
Mileage: $ ____
_____ / ENTERED / _____
PAPER      RETURN
_____ / _____
_____ / _____
SERIAL ____

**DOMICILIARY SERVICE**

On this ____ day of _____ served a copy of
the within
PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS
ON DEFENDANT TRIMONT ENERGY (NOW), LLC C/O REGISTERED AGENT DAVID RUSCH
THROUGH:
by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said DEFENDANT TRIMONT ENERGY (NOW), LLC C/O REGISTERED AGENT DAVID RUSCH being absent from the domicile at time of said service.
Returned the same day
No. _____
Deputy Sheriff of _____

00 2025-568 / 3 / 9106

00 / LB      Badge # 509

ID: 11545427

VERIFIED
FEB 27 2025
Michael Albanese

Page 1 of 2

FILED

2025 FEB 20  AM 9: 39

CIVIL
DISTRICT COURT

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

(00) 2025-568 - Service Date 02/17/2025 Time 12:15 PM
TRIMONT ENERGY (NOW), LLC
DAVID RUSCH
Personal at 601 POYDRAS ST
Howard James # 526,

FILED

2025 FEB 20  AM 9: 39

CIVIL
DISTRICT COURT

ID: 11545427

Page 2 of 2

ATTORNEY'S NAME: Wexler, Noah M 34995
AND ADDRESS: 6009 Memorial Dr , Houston, TX 77007

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

| NO: 2025-00568 | DIVISION: I | SECTION: 05 |
|---|---|---|

### NICHOLS, KRISTIN, ET AL.

**Versus**

### WHITNEY OIL & GAS, LLC, ET AL.

## CITATION

TO: DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH

601 POYDRAS STREET, SUITE 1720, NEW ORLEANS, LA 70130

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 30, 2025

| | |
|---|---|
| Clerk's Office, Room 402 | CHELSEY RICHARD NAPOLEON, Clerk of |
| Civil Courts Building | The Civil District Court |
| 421 Loyola Avenue | for the Parish of Orleans |
| New Orleans, LA 70112 | State of LA |
| (2151b | by _____ |
| | Deonca Julian, Deputy Clerk |

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this 27th day of Febru 2024 served a copy of the within | On this _____ day of _____ served a copy of the within |
| PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS | PLAINTIFFS' PETITION FOR DAMAGES, SURVIVAL ACTION AND WRONGFUL DEATH, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANTS |
| ON DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH  David Rusch | ON DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH |
| THROUGH: | THROUGH: |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said DEFENDANT WHITNEY OIL & GAS, LLC C/O REGISTERED AGENT, DAVID RUSCH being absent from the domicile at time of said service. |
| Howard James,a No. 924 | |
| Deputy Sheriff of Orleans | |
| Mileage: $ _____ | |
| _____ / ENTERED / | Returned the same day |
| PAPER          RETURN | _____ No. _____ |
| _____ /          / _____ | Deputy Sheriff of _____ |

00 2025-568 / 1 / 9106

00 / LB                    Badge # 509

VERIFIED

ID: 11545425                    Page 1 of 2

FILED

2025 FEB 19  AM 9:21

CIVIL
DISTRICT COURT

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

(00) 2025-568 – Service Date 02/17/2025 Time 12:15 PM
WHITNEY OIL & GAS, LLC
DAVID RUSCH
Personal at 601 POYDRAS ST
Howard James # 526,

ID: 11545425