UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KRISTIN NICHOLS, ON BEHALF OF B.N. AND G.N AND LAUREN O'NEILL ON BEHALF OF N.N.<br>     Plaintiffs,<br><br>VERSUS<br><br>WHITNEY OIL & GAS, LLC, DP LOUISIANA, LLC, DP GULF COAST, LLC, TRIMONT ENERGY, LLC, TRIMONT ENERGY (NOW), LLC, SPECTRUM AR, LLC, SPECTRUM ENERGY OIL & GAS HOLDINGS, LLC, AND SPECTRUM ENERGY HOLDINGS, LLC,<br>     Defendants. | CIVIL ACTION NO. 2:25-cv-533<br><br>JUDGE: NANNETTE JOLIVETTE BROWN<br><br>MAG. JUDGE: JANIS VAN MEERVELD |

**ANSWER AND AFFIRMATIVE DEFENSES OF TRIMONT ENERGY, LLC**

**NOW INTO COURT**, through undersigned counsel, comes Trimont Energy, LLC ("Trimont" or "Defendant") who respectfully provides the following Answer and Affirmative Defenses in response to the Petition for Damages, Survival Action and Wrongful Death filed by Kristin Nichols, on behalf of BN and GN and Lauren O'Neill on behalf of NN:

**FIRST DEFENSE**

The Petition fails to state a claim or cause of action upon which relief may be granted.

**SECOND DEFENSE**

AND NOW, answering the specific allegations of the Petition, Defendant avers as follows:

1.

The allegations in Paragraph 1 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 1.

2.

The allegations in Paragraph 2 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 2.

3.

The allegations in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 3.

4.

The allegations in Paragraph 4 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 4.

5.

Defendant denies the allegations in Paragraph 5 for lack of sufficient information to form a belief therein.

6.

Defendant denies the allegations in Paragraph 6 for lack of sufficient information to form a belief therein.

7.

Defendant denies the allegations in Paragraph 7 for lack of sufficient information to form a belief therein.

8.

Defendant denies the allegations in Paragraph 8 for lack of sufficient information to form a belief therein.

9.

Defendant denies the allegations in Paragraph 9 for lack of sufficient information to form a belief therein

10.

Defendant denies the allegations in Paragraph 10 for lack of sufficient information to form a belief therein.

11.

Defendant admits that it is a Texas limited liability company with a principal place of business in Harris County. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 11.

12.

Defendant denies the allegations in Paragraph 11 for lack of sufficient information to form a belief therein.

13.

Defendant denies the allegations in Paragraph 13 for lack of sufficient information to form a belief therein.

14.

Defendant denies the allegations in Paragraph 14 for lack of sufficient information to form a belief therein.

15.

Defendant denies the allegations in Paragraph 15 for lack of sufficient information to form a belief therein.

16.

Defendant admits that Joshua Nichols died on or about August 17, 2024. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 16 for lack of sufficient information to form a belief therein.

17.

Defendant denies the allegations in Paragraph 17 to the extent they are asserted against Defendant. Defendant denies the allegations in Paragraph 17 to the extent they relate to all other defendants for lack of sufficient information to form a belief therein.

18.

The allegations in Paragraph 18 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant reincorporates and reavers as if restated herein in exenso its responses to Paragraphs 1-18.

19.

Defendant denies the allegations in Paragraph 19 to the extent they are asserted against Defendant. Defendant denies the allegations in Paragraph 19 to the extent they relate to all other defendants for lack of sufficient information to form a belief therein.

20.

Defendant denies the allegations in Paragraph 20.

21.

Defendant denies the allegations in Paragraph 21.

22.

Defendant denies the allegations in Paragraph 22.

23.

Defendant admits that Mr. Nichols died. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 23.

24.

The allegations in Paragraph 24 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 24.

25.

Defendant admits that Plaintiff has requested a jury trial.

26.

The allegations in the unnumbered paragraph following Paragraph 25 contain a prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies each and every allegation in the prayer for relief.

## THIRD DEFENSE

Decedent's damages (if any) were caused solely by the fault of decedent, third persons, parties, contractors, or entities over whom Defendant has no control or for whom Defendant is not legally responsible.

## FOURTH DEFENSE

Alternatively, Defendant avers that in the event that it is found negligent or otherwise at fault in any way for Plaintiffs' damages, which is expressly denied, then the other acts or omissions of the decedent or third persons, parties, contractors, or entities over whom Defendant has no control or for whom Defendant is not legally responsible were the sole cause and/or the sole intervening or superseding causes of decedent's incident and the Plaintiffs alleged damages.

Defendant further pleads the doctrine of comparative fault, including that of decedent and other third parties, to be determined at trial.

**FIFTH DEFENSE**

In the further alternative, in the event liability is found on the part of Defendant, which is at all times denied, Defendant avers that it would be entitled to a credit and/or offset for the amount of any amounts paid to decedent.

**SIXTH DEFENSE**

Defendant avers that it could not and did not foresee the risks of any damages and/or injuries to decedent as alleged in the Petition.

**SEVENTH DEFENSE**

Plaintiffs' alleged damages were the result of an unavoidable accident or other circumstances beyond Defendant's control.

**EIGHTH DEFENSE**

In the further alternative, Defendant avers that decedent's incident, if any, was the result of prior accidents or injuries or preexisting conditions for which Defendant is not responsible.

**NINTH DEFENSE**

Decedent's misconduct, or the misconduct of others, was the sole cause of the incident and Plaintiffs' damages.

**TENTH DEFENSE**

All or part of the injuries, damages, and/or losses decedent and/or Plaintiffs allegedly sustained are barred because decedent and/or Plaintiffs failed to mitigate damages.

**ELEVENTH DEFENSE**

Decedent's incident was the result of an open, obvious, and apparent danger that was known to and recognized by decedent, who knowingly, willingly, intentionally, and voluntarily exposed himself to the danger, thereby assuming the risk of accident, injury, and damage, which conduct either bars or reduces Plaintiffs' recovery, if any.

**TWELFTH DEFENSE**

Defendant pleads the defenses of *laches*, injury by fellow servant, *res judicata*, statute of limitations, payment, waiver, estoppel, spoliation of evidence, set off and credit as appropriate under the law.

**THIRTEENTH DEFENSE**

The accident and injury complained of, if such occurred, were due to force majeure or Act of God for which Defendant can have no liability.

**FOURTEENTH DEFENSE**

Any allegations in any unnumbered, mis-numbered, prefatory, ancillary, or conclusory paragraphs or articles and any allegations in any prayer for relief are denied.

**FIFTEENTH DEFENSE**

Defendant reserves the right to amend its Answer to Plaintiffs' Petition, including asserting any additional affirmative defenses, and bring any other claims by way of cross- or third-party demands as it may deem appropriate as additional facts become known.

WHEREFORE, Defendant Trimont Energy, LLC prays that this Answer be deemed good and sufficient and, after due proceedings, the Plaintiffs' claims against Trimont Energy, LLC be dismissed, with prejudice, at Plaintiffs' costs, and for all other legal, equitable and other relief to which Trimont Energy, LLC is entitled.

Respectfully submitted,

*/s/ Elizabeth B. McIntosh*
Elizabeth B. McIntosh, (#36575)
Raymond T. Waid, (#31351)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
ebmcintosh@liskow.com
rwaid@liskow.com

***Attorneys for Trimont Energy, LLC***